In the Matter of the Arbitration Between Borough of Media and the Members of the Media Police Department. Members of the Media Police Department, Appellants.

In the Matter of the Arbitration Between Borough of Media and the Members of the Media Police Department. Borough of Media, Appellant.

Argued September 27, 1978, before President Judge Bowman and Judges Crumlish, Jr., Wilkinson, Jr., Mencer, Blatt, DiSalle and Craig. Judges Rogers and MacPhail did not participate.

*Alexander A. DiSanti,* with him *Richard, Brian, DiSanti & Hamilton,* for Members of Media Police Department.

*D. Barry Gibbons,* with him *Gibbons, Buckley and Smith,* for Borough of Media.

Opinion by President Judge Bowman, February 12, 1979:

Pursuant to Pa. R.C.P. No. 247(b), members of the Media police department brought this appeal from an order of the Court of Common Pleas of Delaware County denying the relief requested in their application for review of an award of an arbitration board. Appellee Borough of Media filed a cross-appeal here asserting that the lower court lacked jurisdiction to entertain the application for review because it was not timely filed.

The source of this conflict is the award of the majority of a three member board of arbitration appointed in accordance with Section 4 of the Act of June 24, 1968, P.L. 237, 43 P.S. §217.4 (hereinafter referred to as Act 111). The panel was convened to resolve an impasse in collective bargaining negotiations between the Borough of Media and its police department. The specific provision of the award in dispute is the grant of the Borough's proposal that the award be for a two year term. The arbitrator chosen by the police refused to join in the award and filed a dissenting opinion to the effect that an award governing wages and benefits for two years (1) deprived the police of their rights under Act 111 which, he concluded, contemplated collective bargaining on an annual basis, and (2) improperly permitted the Borough council to bind its successors. The police department members' application for review of the award reiterated this two pronged argument. We conclude, as did the lower court, that it should be rejected.

It is clearly established that an arbitration panel such as the one rendering the award here in issue "may not mandate that a governing body carry out an illegal act." *Washington Arbitration Case,* 436 Pa. 168, 176, 259 A.2d 437, 442 (1969). Appellant police department members contend that the issuance of an award applicable for two years is implicitly in conflict with Section 3 of Act 111, 43 P.S. §217.3, which provides:

> Collective bargaining shall begin at least six months before the start of the fiscal year of the political subdivision or of the Commonwealth, as the case may be, and any request for arbitration, as hereinafter provided, shall be made at least one hundred ten days before the start of said fiscal year.

In the appellant's analysis, the quoted language is indicative of a legislative intent to require collective bargaining to begin six months before *each* and *every* fiscal year of a political subdivision. To the contrary, the Borough of Media argues and the lower court found that Section 3 does not require annual activity but rather establishes the time perimeter within which collective bargaining must be conducted when the parties seek a labor agreement.

Nothing in the remainder of the act provides guidance as to the legislative intent regarding the frequency of negotiations. In an earlier case involving Section 3 of Act 111, we found: "Act 111 . . . is designed to protect not only the rights of the collective bargaining agent and of the employer but of the public as well to efficient government through the timely adoption of municipal budgets and of necessary implementing legislation." *International Association of Firefighters v. City of Johnstown*, 21 Pa. Commonwealth Ct. 223, 226, 344 A.2d 754, 755-56 (1975) *rev'd on other grounds*, 468 Pa. 96, 360 A.2d 197 (1976). Here, the public interest in efficient government is protected by perpetuating the labor peace achieved through the procedure established in Section 3. To permit the outcome of negotiations and possibly arbitration to govern a two year period does not deprive either the members of the police department or the governing body of the Borough of Media of its right to bargain over the terms of employment; rather, it enhances the labor stability secured through negotiations. Thus, the award is not in conflict with Act 111.

However, the arbitration award could not remain intact were it in violation of the Borough's authority to contract. The Pennsylvania Supreme Court has described the limits of public officials' authority in this field in this manner:

It is a mistake to suppose that, because a public official, or indeed any other agent for a known limited term, has power to make a contract, he is authorized thereby to make one for an indefinite or long extended term. If the agency itself does not expressly limit the extent of the agent's power, then the facts and circumstances of each case must be considered in determining it. Ordinarily it is limited in time to the term of the agent who makes it. Necessity, or its equivalent of great advantage to the principal, may furnish a reason for enlargement beyond the term. . . . This is particularly true of public officials, else those going out of office might so tie the hands of those coming in as to cause serious embarrassment and loss to the public.

*Moore v. Luzerne County*, 262 Pa. 216, 220-21, 105 A. 94, 95 (1918).

*See also MacCalman v. Bucks County*, 411 Pa. 316, 321, 191 A.2d 265, 267 (1963).

Several factors induce us to conclude that a two year agreement is a legitimate exercise of borough council authority. The benefit to the public is greater labor-management relations stability. A two year period is not indefinite, long extended or unreasonable given the relative foreseeability of negotiable issues. The restrictions imposed on council actions by the award complement similar existing statutory limitations on borough control of police officers; they are not newly created restraints of formerly unbridled powers. Moreover, by definition, negotiations must be conducted in good faith, so there can be no "serious embarrassment and loss to the public." This is not a contract to employ specific persons in policy-making positions or to guarantee future passage of an ordinance. Nor is it tainted by a quest for political advantage.

Thus, the agreement is not readily classifiable as governmental as opposed to proprietary, and cases cited by the police department members as appropriate precedent are readily distinguishable.

In conclusion, we find that an arbitration award issued in accordance with Act 111 establishing the terms and conditions of employment for a period of two years—the period of the contract being a subject of the negotiations which produced an impasse—is not in conflict with Act 111 or with the proposition that in the absence of necessity or great advantage, public officials lack the power to enter into contracts which will endure longer than their terms in office.

The remaining issue is that of the Borough of Media's cross-appeal alleging that the members of the police department did not file their application for review in a timely fashion. The untimeliness argument is based on facts not before us whereas record evidence discloses a timely appeal. Accordingly, the motion to quash must be dismissed.

ORDER

Now, February 12, 1979, the order of the Court of Common Pleas of Delaware County denying the relief sought in appellant's application for review of the award of the Board of Arbitration is hereby affirmed. The Borough of Media's cross-appeal is dismissed.

DISSENTING OPINION BY JUDGE CRAIG:

I dissent from that aspect of the majority opinion which upholds an award by the board of arbitration governing wages and benefits of municipal police officers for two years, where a two-year contract was sought only by the employer and not by the employees.

Section 1 of the Act of June 24, 1968, P.L. 237 (Act 111), 43 P.S. §217.1, grants to policemen and firemen "the right to bargain collectively with their public employers concerning the terms and conditions of their employment...." Where a board of arbitration, at the behest of only one of the parties, makes an award which extends over a subsequent calendar year, the other party has been deprived of the collective bargaining right for that subsequent year, at least with respect to the subject matter embraced by the two-year award.

The scheme of Act 111, as set forth in Section 4(a), 43 P.S. §217.4(a), is that the board of arbitration receives jurisdiction to act as the result of an impasse in bargaining. The effect of the majority decision here is to authorize a board of arbitration to extend its award into the next year so as to obviate any impasse in that year which could be the basis of a new board of arbitration.

Consistent with the principle that arbitration should be used only to the extent that it is necessary to prevent a current loss of police or fire services to the public, the exercise of jurisdiction over a future year by a board of arbitration is not warranted.

The threat to collective bargaining which is implicit in the majority decision becomes apparent if we visualize one party asking for a five-year or ten-year agreement, and a neutral arbitrator joining with the asking party's arbitrator to make an award which would constitute, in effect, a five-year or ten-year moratorium on collective bargaining.

Of course, there is no reason why a multi-year contract could not be the subject of bargaining and of arbitration if both parties agree, but the reach of a board of arbitration should not be extended by unilateral proposal.

Judge CRUMLISH, JR. joins in this dissent.