434 A.2d 693

In re REVIEW OF the ARBITRATION AWARD—BOROUGH
OF MEDIA AND MEMBERS OF MEDIA
POLICE DEPARTMENT.

Supreme Court of Pennsylvania.

Argued April 28, 1981.

Decided July 8, 1981.

Reconsideration or Reargument Denied Aug. 24, 1981.

Alexander A. DiSanti, Media, for appellant.

Barry L. Gibbons, Media, for appellee.

John M. McNally, Jr., Philadelphia, for City of Philadelphia.

Alan J. Davis, Philadelphia, Gary M. Lightman, Harrisburg, for Fraternal Order of Police (amicus).

Before ROBERTS, NIX, LARSEN, FLAHERTY and
KAUFFMAN, JJ.

ORDER

PER CURIAM.

This appeal from a final Order of the Commonwealth
Court is dismissed as moot.

FLAHERTY, J., files a dissenting opinion.

O'BRIEN, C. J., and WILKINSON, J., did not participate
in the consideration or the decision of this case.

FLAHERTY, Justice, dissenting.

I dissent. This is an appeal from a final order of the Commonwealth Court affirming the Order of the Court of Common Pleas of Delaware County which upheld an award of a board of arbitrators in a labor dispute. The case involves a question as to the validity of the time provision in a labor contract between a police department and its employer. The majority dismisses the appeal as moot, apparently on the theory that the time provision of the contract—that the contract would be in force for a period of two years—has expired, and thus that the case is moot because the contract period has ended. Whether the borough had the power to enter into a contract which extended beyond the terms of the members of its Council who were in office at the time the contract was negotiated, however, is a question which is likely to arise with some frequency in the future, and, thus falls within an exception to the mootness doctrine in that it "involves a question that is capable of repetition but likely to evade review if the normal rules on mootness are applied." *Commonwealth v. Joint Bargaining Committee*, 484 Pa. 175, 179, 398 A.2d 1001, 1003 (1979), and cases cited therein. I would reach the merits of this case because it presents an opportunity to offer guidance in an area of law where uncertainty presently exists and where similar disputes are likely to recur.

The parties to this dispute, the Borough of Media, Pennsylvania (hereinafter the Borough) and the Media Police Department (hereinafter the Police) are governed by the provisions of Act of June 24, 1968, P.L. 237, No. 111, *et seq.* 43 P.S. § 217.1 *et. seq.*, (hereinafter Act 111), which provides for the right of firemen and policemen to bargain collectively concerning the terms and conditions of employment. Act 111 also provides that in the case of a dispute between a public employer and its policemen or firemen which reaches a stalemate and impasse, either party, "after written notice to the other party containing specifications of the issue or issues in dispute, may request the appointment of a board of arbitration." 43 P.S. § 217.4 (1980–1981 Supp.)

In the present case, a three-member board of arbitrators was appointed pursuant to Act 111, 43 P.S. § 217.4, to resolve an impasse in bargaining between the Borough and the Police. The board of arbitration on January 27, 1977, by a vote of two to one, announced its award establishing compensation and other benefits for members of the Media police department, effective during the calendar years 1977 and 1978. The Police appealed this award to the Court of Common Pleas, arguing that the board's two year award would illegally bind the successors of the members of Council who were in office during 1977, but who would be up for election in 1978, and that the two-year award should be voided, because Act 111 contemplates and requires annual bargaining. The Court of Common Pleas rejected these arguments and upheld the award. An appeal was taken to Commonwealth Court, who affirmed.

This appeal comes to us pursuant to Section 724(a) of the Judicial Code, Act of July 9, 1976, P.L. 586, No. 142, § 2, as amended, 42 Pa.C.S.A. § 724(a), permitting appeals from Commonwealth Court upon allowance of appeal by any two Justices of this Court upon petition of any party. Our scope of review on this appeal, however, is limited. Section 217.-7(a) of Act 111 provides in pertinent part:

> The determination of the majority of the board of arbitration thus established shall be final on the issue or issues in dispute and shall be binding upon the public employer and the policemen or firemen involved. . . . No appeal therefrom shall be allowed to any court.

In *Washington Arbitration Case*, 436 Pa. 168, 174, 259 A.2d 437, 441 (1969), citing *Keystone Raceway Corp. v. State Harness Racing Commission*, 405 Pa. 1, 5-6, 173 A.2d 97, 99 (1961) we stated:

> If an appeal is prohibited by an Act, or the decision of the Agency is stated to be final or conclusive, the law is well settled that an appeal will lie to the Courts in the nature of a narrow certiorari, and this Court will review only (1) the question of jurisdiction; (2) the regularity of the proceedings before the agency; (3) questions of excess in exercise of powers; and (4) constitutional questions.

The basic question raised by appellants in the present case is whether the two-year award of the board of arbitration was in excess of the board's powers either because (a) the board could not legally bind the borough to a contractual obligation the duration of which would exceed the term of office of the current Council; or (b) Act 111 contemplates and requires annual negotiation.

The principle underlying appellant's first argument is that an award of a board of arbitrators under Act 111 can be valid only if the award is one which the Borough could have undertaken voluntarily. *City of Washington Arbitration, supra.* Appellant asserts that the Borough could not have undertaken voluntarily to agree to this award because pursuant to Section 811 of the Borough Code, the Act of February 1, 1966, P.L. (1965) _____, No. 581 § 811, 53 P.S. § 45811, borough councilmen serve staggered terms of four years; because one-half of the terms of council members expired on the first Monday of January, 1978 (and thus, the term of the contract—the calendar years 1977 and 1978—was beyond the term of the existing Council membership); and, because in the absence of statutory authorization, municipal legislative bodies have no power to take action binding on their successors in the exercise of *governmental functions.* This argument, based on the ancient and questionable distinction between governmental and proprietary functions, is not viable. As we stated in *Ayala et al v. Philadelphia Board of Public Education,* 453 Pa. 584, 592, 305 A.2d 877, 881 (1973), the "distinction between tortious conduct arising out of the exercise of a proprietary function and tortious conduct arising out of exercise of a governmental function" is "archaic and artificial." The distinction between proprietary and governmental functions is no less artificial in the area of labor negotiations. Since I can discern no reason to apply the governmental-proprietary distinction in the area of labor negotiations, appellant's argument that the two year award is invalid because it exceeds Borough Council's authority to act in a governmental function should be rejected.

Appellant's second argument is that there is an implicit legislative recognition of the right to bargain annually under Section 3 of Act 111, 43 P.S. §§ 217.3, which provides:

Collective bargaining shall begin at least six months before the start of the fiscal year of the political subdivision or of the Commonwealth, as the case may be, and any request for arbitration, as hereinafter provided, shall be made at least one hundred ten days before the start of said fiscal year.

Appellant's assertion that this language is to be understood to require collective bargaining sessions six months before each and every fiscal year cannot be supported. Rather, the Act is silent on whether a municipality can bargain for a labor agreement beyond one fiscal year, and as the lower courts decided, the language of Act 111 permits but does not require that arbitration must take place annually. The references to time in Section 3 are merely indications of required time limits to be observed *if* collective bargaining is to occur or *if* binding arbitration is to be successfully requested by either party. The Act thus *permits* but does not *require* annual bargaining. Thus, contrary to appellant's assertion that bargaining must be conducted on an annual basis, the parties may negotiate multi-year contracts.

Finally, appellant argues that permitting the two-year award to stand poses a threat to stable labor relations and that such an approach would permit arbitration boards to award a five or ten year contract if one of the parties requests it.

I do not address the issue of whether a five or ten year award may exceed the power of a board of arbitration as that question is not before us in this case, and I express no opinion as to the legality of such. Here a two year award is at issue, and I agree with the majority of the Commonwealth Court that the two year period is neither indefinite, nor unreasonable nor long extended, "given the relative foreseeability of negotiable issues."

Furthermore, contrary to appellant's assertion that allowing the board's two-year award to stand would threaten

stable labor relations, I believe that this award is likely to promote stability. In the first place, it is axiomatic that the duration of the contract is negotiable and is inextricably linked to the negotiation of other terms of the contract. Secondly, the parties to a labor negotiation under Act 111 are required by the Act to bargain in good faith and to endeavor to settle all disputes by the bargaining process. Failing agreement, at the timely request of either party, a board of arbitration will be convened and will decide the issues submitted to it by the parties. There is no guarantee, of course, that the decision of the board of arbitrators will favor either party, and in fact the award may be in some respects distasteful to both parties. It behooves the parties, therefore, to reach an agreement and to stabilize the negotiating atmosphere in which labor agreements may be reached so as to avoid the matter being removed from their control by the arbitration process.

Thus, I dissent to the dismissal of this case as moot and would affirm the order of the Commonwealth Court.