Lower Merion Fraternal Order of Police Lodge Number 28, Appellant *v.* Township of Lower Merion, Appellee.

Argued December 14, 1984, before Judges MAC-PHAIL, COLINS and PALLADINO, sitting as a panel of three.

*J. Scott O'Keefe,* with him, *James S. Bruno, O'Keefe & Bruno, P.C., and Gary M. Lightman, Mancke, Lightman & Wagner,* for appellant.

*Gilbert P. High, Jr., High, Swartz, Roberts & Seidel,* for appellee.

OPINION BY JUDGE COLINS, March 12, 1985:

The Lower Merion Fraternal Order of Police (appellant) appeals a decision of the Court of Common Pleas of Montgomery County dismissing its Petition for Review to set aside an arbitration award rendered under the provisions of Section 4 of the Act of June 24, 1968, P.L. 237 (Act 111), *as amended,* 43 P.S. §217.4.

On June 29, 1982, appellant and Township of Lower Merion (appellee) commenced employment contract negotiations. An impasse developed and appellant requested the appointment of a board of arbitration (board) as authorized by Section 4(a) of Act 111, 43 P.S. §217.4(a) which provides in relevant part:

> If in any case of a dispute between a public employer and its policemen . . . the collective bargaining process reaches an impasse and stalemate, . . . with the result that said employers and employes are unable to effect a settlement, then either party to the dispute, after written notice to the other party containing specifications of the issue or issues in dispute, may request the appointment of a board of arbitration.

On November 23, 1982 the board issued a unanimous award. Several provisions of this award are now in dispute before this Court. The pertinent provisions of the award read as follows:

> (1) *Term of award*—January 1, 1983 through December 31, 1985.
>
>     . . .
>
> (6) *Pension*—effective January 1, 1984 the retirement age shall be changed to 55 . . . and any post-retirement medical benefits shall be eliminated.

Under Section 7 of Act 111, 43 P.S. §217.7, the determination of an arbitration panel as to disputed issues is final and unappealable and our scope of review of such an award is limited to reviewing questions of (1) jurisdiction; (2) the regularity of the proceedings; (3) actions beyond legislative authorization, and (4) constitutionality. *Borough of New Cumberland v. Police Employees of the Borough of New Cum-*

*berland,* 63 Pa. Commonwealth Ct. 441, 439 A.2d 849 (1981), *rev'd on other grounds,* 503 Pa. 16, 467 A.2d 1294 (1983).

The appellant is contending that the board exceeded its legislative authority by resolving issues not in dispute[1] and by awarding a multi-year contract.

We disagree.

Appellant and appellee submitted proposals to the board regarding post-retirement medical benefits. The appellant proposed that retirees should receive the same benefits as active police officers and the appellee proposed that retirees should receive post-retirement medical benefits for three years after retirement. The board eliminated all post-retirement medical benefits. Since the issue was what, if any, medical benefits should be provided to retirees, the board did not exceed its authority by eliminating benefits.

A list of economic proposals was submitted by both sides and the Board fashioned an equitable resolution that did not favor either side. Although the Board totally eliminated post-retirement medical benefits to retirees, it also awarded a $500.00 pay increase effective January 1, 1983 and a seven per cent increase effective July 1, 1984. In addition, it increased the non-uniformed officers clothing allowance to $500.00 and awarded one additional personal day to all covered employees, effective January 1, 1984.

Appellant also argues that the board's action of awarding a three year contract was improper because the term of the contract was not an issue in dispute and because the board's action was in contravention of Section 3 of Act 111, 43 P.S. §217.3. The parties to this arbitration did not agree to a term for the con-

---

[1] Appellant maintains that the term of the contract and post-retirement medical benefits were not issues in dispute.

tract. This was one of the provisions the board had to decide. Since appellant submitted a proposal that "all conditions relating to wages and/or benefits as provided in the previous three year negotiated contract should remain as is," the board felt it appropriate to award a new contract with a term of three years. Furthermore, the language of 43 P.S. §217.3 does not preclude the board from awarding multi-year contracts.[2] In *Media Police Department Appeal,* 40 Pa. Commonwealth Ct. 400, 397 A.2d 844 (1979), *appeal dismissed, In Re: Review of Arbitration Award,* 495 Pa. 377, 434 A.2d 693 (1981), this Court held that a two year contract is not in conflict with 43 P.S. §217.3. Awarding a three year contract did not deprive appellant or appellee of their right to bargain. Nor was the term of the contract unreasonable or indefinite.

If we were to agree with appellant, 43 P.S. §217.3 would require collective bargaining to begin six months before each and every fiscal year. In *International Association of Firefighters v. City of Johnstown,* 21 Pa. Commonwealth Ct. 223, 344 A.2d 754 (1975), *rev'd on other grounds,* 468 Pa. 96, 360 A.2d 197 (1976), this Court found that 43 P.S. §217.3 was designed to protect not only the rights of the collective bargaining unit and the employer but those of the public as well. Awarding a three year contract under Act 111 would benefit the public in that it promotes "greater labor-management relations stability".

---

[2] Section 3 of Act 111, 43 P.S. §217.3, provides in relevant part:

Collective bargaining shall begin at least six months before the start of the fiscal year . . . and any request for arbitration . . . shall be made at least 110 days before the start of said fiscal year.

Appellant proposes that this provision shall be read to prohibit multi-year arbitration awards. We disagree with appellant's proposition.

*Media,* 40 Pa. Commonwealth Ct. at 404, 397 A.2d at 846. The language of 43 P.S. §217.3 clearly establishes a time frame within which collective bargaining must be conducted when a party seeks arbitration. It does not establish the frequency of occurrence for collective bargaining.

In the matter sub judice, the board did not act beyond its authority. Therefore, we affirm.

ORDER

AND Now, March 12, 1985, the order of the Court of Common Pleas of Montgomery County dismissing appellant's Petition for Review of the award of the Board of Arbitration in the above-captioned matter, dated April 4, 1984, is hereby affirmed.

This decision was reached prior to the resignation of Judge WILLIAMS, JR.