## Norristown Borough v.
## Fraternal Order of Police

*Robert S. Maerz,* for plaintiff.
*Francis P. O'Hara,* for defendant.

MOSS, *J.,* October 12, 1977 — The question raised is whether arbitrators selected by the policemen and by the public employer under section 4 of the Act of June 24, 1968, P. L. 237, 43 P. S. §217.1 et seq. (Act. 111), are disqualified if they are not impartial.

### FINDINGS OF FACT

Plaintiff, Borough of Norristown, is a municipal corporation organized and existing under the laws of the Commonwealth of Pennsylvania.

Defendant, Fraternal Order of Police, Lodge No. 31, is the official organization authorized by the members of the police department of the Borough of Norristown to act as their bargaining agent in negotiations with the arbitration of collective bargaining matters between the borough and the said department. The said Fraternal Order Lodge No. 31 prior to July 1, 1976, notified the borough that it had been selected as the exclusive bargaining agent under Act 111.

The International Brotherhood of Teamsters, of which Edward Pascale is President of Local 384, has launched a drive to organize certain police officers in Montgomery County.

On August 19, 1976, Lodge No. 31 notified the Borough of Norristown that said lodge had selected Edward Pascale as its arbitrator to the board of arbitration under Act 111.

The borough contends that Mr. Pascale cannot be impartial because his main objective is to obtain as great a number of benefits as possible for the policemen so as to impress them with the ability of the Teamsters to represent them and obtain benefits in excess of those obtained by their present representatives, and to encourage the police officers to resign from the Fraternal Order of Police and ultimately to join the Teamsters Union.

The borough selected William H. Hansell, Jr. as its arbitrator. At such time, Mr. Hansell was a temporary financial adviser to the borough, employed during the borough's then fiscal emergency.

The borough contends that defendant's appointee, Mr. Pascale, is disqualified to act.

## DISCUSSION

The Act of June 24, 1968, P. L. 237, sec. 4, is controlling. It provides inter alia:

"(a) If in any case of a dispute between a public employer and its policemen . . . employes the collective bargaining process reaches an impasse and stalemate . . . with the result that said employers and employes are unable to effect a settlement, then either party to the dispute, after written notice to the other party containing specifications of the issue or issues in dispute, may request the appointment of a board of arbitration.

" . . .

"(b) The board of arbitration shall be composed of three persons, one appointed by the public employer, one appointed by the body of policemen . . ., and a third member to be agreed upon by the public employer and such policemen. . . . The members of the board representing the public employer and the policemen . . . shall be named within five days from the date of the request for the appointment of such board."

There are two views of qualifications of members of an arbitration panel: one is that each member must be completely neutral and impartial; the other is that an arbitrator's business or other relationship with the party who appointed him does not automatically, or as a matter of law, disqualify him as an arbitrator. The subject was discussed in City of Erie v. Fraternal Order of Police, 57 D. & C. 2d 779, 783, 784, 785, 787 (1971), as follows:

"Recent cases 'recognize that in a tripartite arrangement, where each party to a dispute is given the right to select an arbitrator and the third member is selected by them or by a disinterested

party, the arbitrator selected by the disputants cannot be expected to play a wholly impartial part. They are partisans once removed from the actual controversy . . .'

"The New York courts seem to represent the new and more liberal view. For example, Olsen v. Village of Cazenovia, 306 N. Y. S. 2d 560 (1970), held that a known interest does not disqualify an arbitrator and that a party may not complain merely because an arbitrator was chosen with a view to a particular relationship to one party or to the subject matter of the controversy.

" '. . . Arising out of the repeated use of the tripartite arbitral board, there has grown a common acceptance of the fact that the party-designated arbitrators are not and cannot be 'neutral,' at least in the sense that the third arbitrator or a judge is . . .

" '. . . to disqualify an arbitrator because of his relationship to, or association with, his nominator would be to withhold from the arbitration board a source of the specialized knowledge which contributes to the unique value of the arbitration process.' "

The court concludes in City of Erie v. Fraternal Order of Police, supra, that an arbitrator in a tripartite arbitration situation would not be disqualified because of his position per se. We think this is a correct statement of the law, especially in view of the express provisions of section 4(b) of the act, supra, that one member of the board is "representing the public employer" and the other member of the board is representing "the policemen." As the court observed in the City of Erie case, supra, the older view that each member of an arbitration panel must be completely neutral and

impartial is heavenly in concept but rather unrealistic in practice. " . . . realistically speaking, the arbitrator might think, feel and act a bit like the people who selected him." City of Erie, supra, at p. 783.

Act No. 111 represents at least a partial abdication by government of the power to govern. We express no opinion as to the wisdom of the lawmakers or as to the consequences to the public.

## CONCLUSIONS OF LAW

1. Arbitrators selected by the employer or by the body of policemen under section 4 of the Act of June 24, 1968, P. L. 237, 43 P. S. §217.4, are not disqualified by the fact that their position or relationship to their nominator is such that they cannot be deemed to be totally disinterested or wholly impartial.

2. On the pleadings and representations made by counsel to the court, Edward Pascale is not disqualified to serve as an arbitrator.

3. Costs should be paid in equal shares by the parties.

## DECREE NISI

And now, October 12, 1977, the prayer of plaintiff for an order restraining defendant from appointing Edward Pascale as its arbitrator is denied and plaintiff's complaint is dismissed. If no exceptions are filed within 20 days after notice of the filing of this adjudication, this decree nisi shall be entered by the prothonotary on praecipe as the final decree.