Borough of New Cumberland, Appellant *v.* Police Employees of the Borough of New Cumberland and Fraternal Order of Police, Conference of Pennsylvania State Police Lodges, Appellees.

Argued March 12, 1980, before President Judge CRUMLISH and Judges WILKINSON, JR., MENCER, ROGERS, BLATT, CRAIG and WILLIAMS, JR. Judge MACPHAIL did not participate.

*Thomas A. Beckley,* with him *James P. Cullen, Beckley & Madden,* for appellant.

*P. Richard Wagner,* with him *Gary M. Lightman,* of *Mancke & Lightman,* for appellees.

OPINION BY JUDGE WILLIAMS, JR., May 20, 1980:

This appeal arises from an action in equity by the Borough of New Cumberland, seeking mainly to compel the collective bargaining representative of certain police personnel to continue bargaining negotiations and to enjoin the representative from resorting to binding arbitration under Section 4(a) of Act 111.[1] The lower court, the Court of Common Pleas of Cumberland County, dismissed the complaint in equity for lack of jurisdiction, and ordered the parties to proceed to arbitration. It is from that order that the Borough has appealed to this Court.

---

[1] Act of June 24, 1968, P.L. 237, No. 111 §4(a), 43 P.S. §217.4(a).

In 1975 the Borough of New Cumberland recognized an organization called "The Police Employees of the Borough of New Cumberland" (Police) as the exclusive collective bargaining representative for certain police personnel. Pursuant to the provisions of a collective bargaining agreement then in force, the parties in June 1978 commenced negotiations to modify certain terms of that agreement.

About June 8, 1978 Police submitted certain proposed terms to the Borough. After the Borough responded with counter-proposals, the parties met in a bargaining session on September 7, 1978. That session produced agreement on many points, but no settlement was reached as to certain other issues, including insurance and pay for "court time".

The very next day, September 8, 1978, Police declared that it deemed further negotiations fruitless and that an impasse had been reached. Police also announced their intent to seek binding arbitration under Act 111. In response, the Borough on September 13, 1978 filed unfair labor practice charges with the Pennsylvania Labor Relations Board, charging Police with refusal to bargain in good faith. On September 19th, the Board determined that the Borough's charges did not state a case of unfair labor practices and refused to issue a complaint.

On October 3, 1978 the parties held a second bargaining session, which produced no settlement of the disputed economic issues. Indeed, out of that session came charges by the Borough that counsel for Police had threatened to use his role with the union for the Pennsylvania State Police to bring about improper pressures from that organization.

On November 2, 1978 the Borough filed a complaint in equity naming as defendants the "Police Employees of the Borough of New Cumberland" and the union for the State Police, the Fraternal Order of

Police, Conference of Pennsylvania State Police Lodges. The complaint sought to enjoin Police from proceeding to arbitration, and also sought a mandatory injunction to compel Police to resume bargaining in good faith. As to the other defendant, the complaint prayed to have the State Police enjoined from interfering with the bargaining process.

If in any case of a dispute between a public employer and its police employes the collective bargaining process reaches an impasse or stalemate, with the result that the employer and employes are unable to effect a settlement, then either party to the dispute may request the appointment of arbitrators. Such is the clear provision of Section 4(a) of Act 111. 43 P.S. §217.4(a).

Section 4(a) also expressly mandates that an impasse or stalemate shall be deemed to occur in the collective bargaining process if the parties do not reach settlement of the issues in dispute by way of written agreement within thirty days after collective bargaining proceedings have been initiated.

Even if we adopt the first bargaining session of September 7, 1978 as the initiation of collective bargaining proceedings, then when the Borough filed its complaint in equity on November 2, 1978 more than thirty days had elapsed without a settlement of the issues in dispute. Therefore, an impasse or stalemate had occurred in the bargaining process; and both the Borough and Police had the right to request the appointment of arbitrators, by force of Section 4(a) of the Act. Since that right was available to the Borough, it had an adequate remedy at law that required the dismissal of its action for injunctive relief against Police. Where an impasse occurs during the process of collective bargaining, arbitration is the exclusive remedy. *See Flood v. Borough of Canonsburg,* 28 Pa. Commonwealth Ct. 248, 368 A.2d 348 (1977).

Based on its allegation that Police had engaged in bad faith bargaining, the Borough asserts that the expiration of thirty days without a settlement did not give Police the right to request arbitrators. In sum, the Borough contends that the statutory definition of impasse also requires that the bargaining have been conducted in good faith. The legislature did not make "good faith" a condition of the right to request arbitrators under Section 4(a); and it is not for this Court to engraft such a condition on the statute.

The appellant relies heavily upon the case of *Lebanon Lodge, Fraternal Order of Police, No. 42 v. Lebanon*, 5 Pa. Commonwealth Ct. 56, 288 A.2d 835 (1972), for the proposition that a court of common pleas can direct the parties to negotiate. However, that case involved a situation where no bargaining proceedings had been initiated, and thus was not within the terms of Section 4(a) of the Act.

The lower court was also correct in dismissing the Borough's action as it related to the co-defendant, Fraternal Order of Police, Conference of Pennsylvania State Police Lodges. The allegations against that party, if true, would constitute unfair labor practices under Section 6(2)(c) of the Pennsylvania Labor Relations Act, Act of June 1, 1937, P.L. 1168, No. 294, 43 P.S. §211.6. And, we have held that the Pennsylvania Labor Relations Board has exclusive jurisdiction over charges of unfair labor practices. *Geriot v. Council of Borough of Darby*, 38 Pa. Commonwealth Ct. 337, 394 A.2d 1298 (1978). Since the Borough's allegations against the co-defendant were not involved in the earlier charges of unfair practices filed by the Borough, it cannot be said that the Borough lacks a forum to seek redress against the co-defendant.

For the reasons set forth, we affirm the order of the lower court to the extent that it dismissed the Borough's equity action for lack of jurisdiction. How-

ever, to the extent that the lower court's order compelled the parties to proceed to arbitration we reverse. There was no party in the equity action below requesting the court to compel arbitration. Furthermore, since the lower court correctly determined that it lacked jurisdiction, it could only dismiss the action. *See, e.g., Commonwealth v. Ryan*, 459 Pa. 148, 327 A.2d 351 (1974).

ORDER

AND Now, the 20th day of May, 1980, the order of the Court of Common Pleas of Cumberland County, dated March 23, 1979, dismissing the appellant's complaint in equity is affirmed. To the extent that the lower court's order compelled the parties to proceed to arbitration it is reversed.