Borough of New Cumberland, Appellant *v.* Police Employees of the Borough of New Cumberland, Appellees.

Argued September 15, 1981, before President Judge CRUMLISH, JR. and Judges MENCER, ROGERS, BLATT, CRAIG, MACPHAIL and PALLADINO.

*Thomas A. Beckley,* with him *James P. Cullen, Beckley & Madden,* for appellant.

*P. Richard Wagner,* with him *Gary M. Lightman, Mancke & Lightman,* for appellee.

OPINION BY JUDGE MACPHAIL, December 29, 1981:

This is an appeal by the Borough of New Cumberland (Borough) from an order of the Court of Common Pleas of Cumberland County dismissing the Borough's petition to set aside an arbitration award rendered under the provisions of Section 4 of the Act of June 24, 1968, P.L. 237 (Act 111), *as amended,* 43 P.S. §217.4.

The Borough had been a party to a collective bargaining agreement with its policemen from January 1, 1977, through December 31, 1978, but unsuccessful negotiations for an agreement for the year 1979 resulted in a decision to submit the disputed issues to an arbitration panel in accordance with Section 4 of Act 111. The Borough and the police each appointed one member to the tripartite panel and then they mutually agreed upon the third person to act as chair-

man. A hearing was held on May 17, 1979, and an award was rendered on July 11, 1979 with the Borough-appointed arbitrator registering a dissent. The Borough filed a petition to set aside the arbitration award, but, after the common pleas court held evidentiary hearings on August 27 and September 14, 1979, this petition was dismissed and the arbitration award was sustained except for a reduction of interest payable on the award to 6% per annum.

Article III, Section 31 of the Pennsylvania Constitution, Const. Art. III, §31, generally prohibits the General Assembly from delegating to any special commission or association the power to interfere with the monetary or taxing authority of a municipality, but by way of a November 7, 1967 amendment, the General Assembly was permitted to

> enact laws which provide that the findings of panels or commissions, selected and acting in accordance with law for the adjustment or settlement of grievances or disputes or for collective bargaining between policemen and firemen and their public employers shall be binding upon all parties and shall constitute a mandate to the head of the political subdivision which is the employer . . . and to the lawmaking body of such political subdivision . . . to take the action necessary to carry out such findings.

Pursuant to that authorization, the General Assembly enacted Act 111 in 1968 to provide for arbitration panels in the event of an impasse during collective bargaining between policemen or firemen and their public employers. The appointment and composition of such panels is described in Section 4(b),[1] which provides:

---

[1] 43 P.S. §217.4(b).

The board of arbitration shall be composed of three persons, one appointed by the public employer, one appointed by the body of policemen or firemen involved, and a third member to be agreed upon by the public employer and such policemen or firemen. The members of the board representing the public employer and the policemen or firemen shall be named within five days from the date of the request for the appointment of such board. If, after a period of ten days from the date of the appointment of the two arbitrators appointed by the public employer and by the policemen or firemen, the third arbitrator has not been selected by them, then either arbitrator may request the American Arbitration Association, or its successors in function, to furnish a list of three members of said association who are residents of Pennsylvania from which the third arbitrator shall be selected. The arbitrator appointed by the public employer shall eliminate one name from the list within five days after publication of the list, following which the arbitrator appointed by the policemen or firemen shall eliminate one name from the list within five days thereafter. The individual whose name remains on the list shall be the third arbitrator and shall act as chairman of the board of arbitrators. The board of arbitration thus established shall commence the arbitration proceedings within ten days after the third arbitrator is selected and shall make its determination within thirty days after the appointment of the third arbitrator.

Under Section 7 of Act 111, 43 P.S. §217.7, the determination of an arbitration panel as to disputed issues

is final and unappealable[2] and our scope of review of such an award is limited to reviewing questions of (1) jurisdiction; (2) the regularity of the proceedings; (3) actions beyond legislative authorization; and (4) constitutionality. *City of Washington Arbitration Case,* 436 Pa. 168, 259 A.2d 437 (1969); *Borough of Ambridge Appeal,* 53 Pa. Commonwealth Ct. 251, 417 A.2d 291 (1980).

The Borough raises a number of procedural challenges here, the first of which is a claim that all members of an arbitration panel appointed pursuant to Act 111 must be disinterested and unbiased and that this award should be set aside because the arbitrator chosen by the police was an advocate and admittedly partisan.[3] Alternatively, the Borough argues that, to the extent that Act 111 provides for interested arbitrators, it violates the mandate of Article III, Section 31 of the Pennsylvania Constitution in that the deference of the partisan members of the panel to the decision of the "neutral" arbitrator not only constitutes an impermissible second delegation of legislative authority,[4] but also places the decisionmaking

---

[2] Review of an arbitration award is within the jurisdiction of the courts of common pleas under 42 Pa. C. S. §933(b) and the decision is subject to appeal to the Commonwwealth Court pursuant to 42 Pa. C. S. §762(a)(4). *See also* 42 Pa. C. S. §§763(b) and (c)(2).

[3] The police-appointed arbitrator was the executive director of the Fraternal Order of Police (FOP), which was the bargaining representative for the New Cumberland policemen and he was also a representative of the FOP in legislative matters and its chief negotiator in labor relations with the Commonwealth. There has been no dispute as to the impartiality of the Borough-appointed arbitrator.

[4] *See Allegheny County Firefighters Local 1038 v. Allegheny County,* 7 Pa. Commonwealth Ct. 81, 299 A.2d 60 (1973), where this Court *in dictum* questioned whether a constitutional problem would

power in the hands of an individual and not the "panels or commissions" required by Article III, Section 31.

The Constitution has given the General Assembly the power to establish boards of arbitration and we may only decide (1) whether or not Act 111 requires impartial arbitrators and (2) if Act 111 does permit partisan arbitrators, whether it runs afoul of Article III, Section 31 of the Pennsylvania Constitution.

It appears that the precise function of an arbitrator has never been addressed prior to this time by an appellate court in Pennsylvania.[5] An "arbitrator" is described in Black's Law Dictionary 135 (rev. 4th ed. 1968) as "[a] private, disinterested person, chosen by the parties to a disputed question, for the purpose of hearing their contention, and giving judgment between them; to whose decision (award) the litigants submit themselves either voluntarily, or, in some cases, compulsorily, by order of a court." (Citation omitted.) In matters submitted to arbitration we believe it is the "disinterest" of the arbitrators that gives vitality to the arbitration process.

It is contended that the statutory language which says that "[t]he members of the board *representing*

---

arise if an Act 111 arbitration panel's award required grievances to be submitted to binding arbitration. Such a procedure might amount to an unauthorized re-delegation to another body of the panel's statutory power under Act 111 to resolve labor disputes. In this case, the petitioner argues that the partisan arbitrators are improperly delegating their statutory authority to the neutral arbitrator.

[5] Several trial courts have addressed this issue and have reached different results. *See Norristown Borough v. Fraternal Order of Police*, 3 Pa. D. & C.3d 447 (1977) ; *City of Erie v. Fraternal Order of Police, Hodge Memorial Lodge*, 57 Pa. D. & C.2d 779 (1971) ; *Hanley v. City of Bradford*, 50 Pa. D. & C.2d 152 (1970) ; *Munson v. Dury Clothing Co., Inc.*, 33 D. & C.2d 450 (1964).

the public employer and the policemen or firemen shall be named within five days of the date of the request" (emphasis added) clearly indicates that the legislature anticipated that persons appointed to the board by the public and the police or firemen would be advocates on behalf of those they were appointed to represent. Indeed, it appears that this is how the board in the instant case conducted its business. When it became clear that the position of the so-called "neutral" arbitrator was aligned with that of the arbitrator representing the police, the two of them proceeded to draft the award. Once having done so they *then* informed the third arbitrator of their decision. Such procedures, we believe, undermine the inherent value of arbitration, which we understand to be the settlement of disputes based upon an objective review of the issues by a *board* of disinterested persons. Consequently, we do not place a great significance upon the legislature's use of the word "representing." That characterization, to us, means simply those arbitrators "appointed by" each of the litigants.

We conclude that the act does require impartial arbitrators and that the board in this case was improperly constituted because one of its members was obviously an advocate for one of the litigants. Having decided that issue in favor of the Borough, we need not reach the other procedural questions raised by the Borough nor its constitutional argument.

The Borough also attacks the award on the basis that the board failed to make a determination within 30 days of the appointment of the neutral arbitrator as required by Section 4(b) of Act 111. We must disagree with the lower court that the Borough, through its arbitrator, waived the 30-day requirement. We must recognize that the time provisions of Act 111

are mandatory. *International Association of Firefighters, Local 463 v. City of Johnstown,* 468 Pa. 96, 360 A.2d 197 (1976). Failure to act within the period specified is a jurisdictional defect which deprives the arbitration panel of power to act.

The third arbitrator, Mr. Freeman, was appointed April 10, 1979. The arbitration hearing was held May 17, 1979. The award was not rendered until July 11, 1979. Even if one were to compute the 30-day period from the date of the hearing rather than the date of the appointment of the third arbitrator, the power of the panel to render a decision expired June 16, 1979, almost a month prior to the date on which the award was finally rendered.

There is no merit to the asserton by the police employees that the 30-day time limit was "waived" because of a letter sent by Mr. Stewart, the person appointed by the Borough. Mr. Stewart made clear that he acted on his own volition as an arbitrator, and without consulting with any representative of the Borough. We have already held that Mr. Stewart was not representing the Borough. He was appointed by the Borough to be an arbitrator. When he became a member of the Board of Arbitration his actions thereafter were his own. Neither the arbitration panel nor any member of the panel can act to extend its jurisdiction or his own beyond that explicitly set forth in the statute. *Cotlar v. Warminster Township,* 8 Pa. Commonwealth Ct. 163, 302 A.2d 859 (1973). Since the arbitration panel has no power to extend its jurisdiction beyond that provided in Act 111, the issue of any "waiver" of the 30-day limit is immaterial. There can be no valid decision where the decisionmaking body lacks jurisdiction, *Commonwealth v. Ryan,* 459 Pa. 148, 327 A.2d 351 (1974).

Accordingly, this Court has no alternative but to reverse the order of the court below and vacate the award.

## ORDER

AND Now, this 29th day of December, 1981 the order of the Court of Common Pleas of Cumberland County sustaining the award of the arbitration panel in the above captioned matter is hereby reversed, and the award is vacated.

---

DISSENTING OPINION BY JUDGE BLATT:

I must respectfully dissent. I believe that Act 111 permits partisan arbitrators and that, in this case, the Borough's arbitrator effectively waived the applicable time limit.

I recognize, of course, that the ideal forum for resolution of conflicts should be one in which the decisionmakers are judicious and unbiased. At least three members of the majority have here decided, however, to disregard the plain language of Act 111 which specifies that certain members of an arbitration panel are *representatives* of the parties by whom they are appointed. Inherent within the concept of representation is the ability to advocate the desires and interests of the parties represented, and the use of the word "representing" in Act 111 leads me to conclude that the General Assembly did not intend that all members of the panel be unbiased. I believe that if the legislature had intended the entire arbitration panel to be impartial, it could have described the arbitrators as "disinterested" and that the provision of only one neutral arbitrator represented a balancing by the legislature of the noble objective of impartiality against the equally laudable desire for expeditious

and inexpensive settlement of labor disputes involving vital services.

Moreover, I cannot agree with the majority's holding that the Borough's arbitrator did not have the authority to waive the 30-day requirement. I would find that he was the statutorily designated representative for the Borough and that, as such, he had the authority to waive the time limit here concerned when he believed that such waiver would help bring about a suitable settlement. The majority's holding that the parties to this arbitration were not bound by the express waivers of their respective arbitrators will, it seems to me, seriously impede future attempts to bring about the negotiation of mutually acceptable resolutions on disputed issues under arbitration.

Judge Rogers and Judge Craig join in this dissent.