635 A.2d 222

FRATERNAL ORDER OF POLICE, LODGE 5, Appellant,

v.

CITY OF PHILADELPHIA.

FRATERNAL ORDER OF POLICE, LODGE 5

v.

CITY OF PHILADELPHIA, Appellant.

Commonwealth Court of Pennsylvania.

Argued Oct. 4, 1993.

Decided Dec. 7, 1993.

410

412

Richard A. Sprague, for appellant, appellee Fraternal Order of Police, Lodge 5.

Alan J. Davis, for appellee, appellant City of Philadelphia.

Before: PALLADINO and FRIEDMAN, JJ., and SILVESTRI, Senior Judge.

SILVESTRI, Senior Judge.

The Fraternal Order of Police, Lodge No. 5 (FOP) and the City of Philadelphia (City) were parties to a collective bargaining agreement which was to expire on June 30, 1992. In December of 1991, the parties commenced negotiations toward a collective bargaining agreement to become effective on July 1, 1992. The parties reached an impasse in negotiations and they requested arbitration pursuant to Act 111.[1]

Pursuant to Section 4(b) of Act 111, 43 P.S. § 217.4(b), City appointed H. Thomas Felix (Felix) and FOP appointed Richard Markowitz (Markowitz) as their respective partial arbitrators to the arbitration panel. Richard Kasher (Kasher) became the third, "neutral",[2] member of the panel as well as the panel chairperson. On March 30, 1993, the panel issued a final award which was signed only by Kasher and Felix.[3]

1. Act of June 24, 1968, P.L. 237, *as amended,* 43 P.S. §§ 217.1–217.10. The General Assembly enacted Act 111 to provide for arbitration panels in the event of an impasse during collective bargaining between policemen and firemen and their public employers. *See* 43 P.S. § 217.4(a).

2. Pursuant to Section 4(b) of Act 111, a three member arbitration panel is established by way of each party selecting a representative arbitrator. The "selected" arbitrators act in the interest of the appointing party in resolving outstanding issues. By contrast, the third member of the arbitration panel is selected by both parties and acts as a neutral arbitrator. *See Borough of New Cumberland v. Police Employees of Borough of New Cumberland,* 503 Pa. 16, 467 A.2d 1294 (1983).

3. An interim award issued on September 16, 1992 relating to the payment of clothing allowances by the City. A second interim award issued on February 3, 1993 relating to reducing starting salaries. Both interim awards were signed by only Kasher and Felix.

On April 14, 1993, FOP filed a petition in the Court of Common Pleas of Philadelphia County (trial court) entitled "Petition For Review Of Arbitration Award in the Nature Of a Petition To Vacate Award And Petition To Stay And Enjoin Enforcement Of Award." (R.R. 3a–24a). The introductory paragraph of said petition states that FOP seeks an order "vacating the Act 111 Arbitration Award ... as well as the Interim Award issued February 3, 1993, and further directing the parties to convene a new arbitration panel for the purpose of conducting new hearings and issuing a new award, and further staying and enjoining enforcement of the Arbitration Award issued on March 30, 1993." (R.R. 3a).

In support of the relief sought by FOP, it alleged in its petition that City's arbitrator, Felix, and the neutral arbitrator, Kasher, issued an interim award on February 3, 1993 without the "consideration or deliberation" of Markowitz. (R.R. 6a). FOP additionally asserted that Markowitz was excluded from discussions between Felix and Kasher leading up to the final award which FOP alleged constituted improper *ex parte* contacts warranting the setting aside of the arbitration award.[4] FOP additionally asserted that the award should be set aside because of improper *ex parte* discussions which took place between David L. Cohen, Chief of Staff of City's Mayor and Kasher.[5] (R.R. 8a).

FOP also asserted in its petition that the award should be set aside because the arbitration panel acted beyond their jurisdiction and the scope of their authority in specifying in the award that certain funds in the hands of health care providers, not parties to the arbitration, were to be turned over to City.[6] FOP also alleged that the award violated the constitutional rights of its members and that it should there-

4. *See* FOP's petition to vacate the arbitration award at R.R. 3a–24a, paragraphs 12, 13, 14, 26, 28, and 37.

5. Although FOP discusses the impropriety of the contacts between Kasher and Cohen in its brief to this Court, as will become clear later herein, FOP does not raise these contacts as part of the issues which it asserts on appeal.

6. *See* FOP's petition to vacate the arbitration award at R.R. 3a–24a, paragraphs 34, 35, 52 and 54.

fore be set aside. (R.R. 12a). Finally, FOP maintained that the award should be vacated because the arbitration panel did not correctly apply and utilize the Pennsylvania Intergovernmental Cooperative Authority Act (PICA) [7] in arriving at the award. In addition to setting forth the foregoing reasons for vacating the arbitration award in its petition, FOP sought to enjoin a portion of the award requiring FOP members to choose, within fifteen (15) days of the award, whether to retire under the expired June 30, 1992 collective bargaining agreement, and whether to participate in a new City-administered managed health care program, or convert an existing health plan to a jointly administered plan. (R.R. 21a–24a).

The petition of FOP made claims which raised questions of fact; the petition also raised issues of law. The trial court conducted a hearing for the resolution of the questions of fact. On May 20, 1993, the trial court filed an opinion in which it made findings of fact and conclusions of law and entered the following order: [8]

> AND NOW, this 20th day of May, 1993, upon consideration of the Petition of the Fraternal Order of Police, Lodge 5, for Review of Arbitration Award in the nature of a Petition to Vacate Award and Petition of Stay and Enjoin Enforcement of Award, it is hereby ORDERED and DECREED that Paragraph 5 of the Award insofar as it reduces temporary total disability pay is vacated. In all other respects, the Petition is DENIED.

On May 21, 1993, FOP filed an appeal with this Court at 1294 C.D. 1993 from the trial court's May 20, 1993 order. Although FOP generally appealed from the foregoing order of the trial court, it is apparent that the portion of the order vacating paragraph 5 of the award was favorable to FOP. Given the fact that FOP has not addressed this portion of the order either directly or indirectly in its questions for review or

7. Act of June 5, 1991, P.L. 9, *as amended*, 53 P.S. §§ 12720.101–12720.709.

8. The trial court did not dispose of FOP's request to enjoin enforcement of the award; however, the court's failure to do so has not been raised before us, accordingly, we need not address it.

its brief to this Court, we conclude that FOP did not intend to appeal this portion of the trial court's order.

On June 3, 1993, City also filed an appeal from the trial court's order at 1373 C.D. 1993. City limited its appeal to that portion of the trial court's May 20, 1993 order vacating paragraph 5 of the arbitration award.[9]

· Before addressing the merits of each of the foregoing appeals, we must first address a motion filed by FOP to strike certain portions of the supplemental reproduced record filed by City.

*FOP's motion to strike portions of the*
*supplemental reproduced record*

On August 19, 1993, City filed with this Court a supplemental reproduced record consisting of four (4) volumes of materials. On September 10, 1993, FOP filed a motion entitled, "Appellant's Motion To Strike Portions Of Appellee's Supplemental Reproduced Record." Specifically, FOP sought to strike pp. 136b through 2136b of the supplemental reproduced record consisting of a motion for summary judgment which City filed with the trial court (S.R.R. 136b–139b), a memorandum of law in support thereof (S.R.R. 140b–195b) and the exhibits attached thereto (S.R.R. 201b–2136b). The trial court did not rule on City's motion for summary judgment because it determined that summary judgment was not cognizable in a petition proceeding.[10] The effect of the trial court's ruling was to render City's summary judgment petition, its memorandum of law, and exhibits relative thereto, irrelevant to the matters raised in the appeals before us and thus are in violation of Pa.R.A.P. 2152.[11] Accordingly, we will grant FOP's motion to strike pp. 136b–2136b of the supple-

9. By order of this Court dated June 15, 1993, the appeals of FOP and City were consolidated.

10. This determination by the trial court has not been raised as an issue herein by City.

11. Pa.R.A.P. 2152 relates to the content of the reproduced record. The general rule has long been that evidence which is not related to or connected to the questions involved must not be reproduced. *See Shapiro v. Malarkey*, 278 Pa. 78, 84, 122 A. 341, 342 (1923).

mental reproduced record filed by City. We now turn to the appeal of FOP.

## Appeal of FOP

FOP, in its statement of the questions involved, sets forth nine issues for our review. Although FOP has not categorized these issues, in the following discussion we will do so and explain how said issues are distinct from others and what our scope of review is as to those issues.

As previously noted herein, the trial court was required to conduct hearings in order to make factual determinations concerning the allegations contained in FOP's petition. In its appeal to us, FOP, in issues two (2), seven (7), eight (8) and nine (9), raises issues which relate to the conduct of the trial by the trial court, its rulings and its findings. Specifically, these issues are as follows:

2. Whether an Act 111 arbitration award should be vacated where one of the arbitrators was excluded from deliberations.

7. Whether the court below erred in excluding the testimony of an expert witness regarding the propriety of *ex parte* contact between a neutral arbitrator and representatives of one of the parties to the arbitration.

8. Whether the court below erred in refusing to preclude the testimony of one of the counsel in the proceeding before it, or alternatively in disqualifying counsel in the proceeding.

9. Whether the court below erred in setting an arbitrary time limit on the cross-examination of a witness, and then cutting off cross-examination before it was completed.

 Initially, we note that our scope of review of the trial court's findings of fact, i.e., the trial court's resolution of the factual disputes raised by FOP's petition, is limited to determining whether there is substantial evidence of record to support said findings. *Grand Cent. Sanitary Landfill, Inc. v. Township of Plainfield,* 138 Pa.Commonwealth Ct. 640, 589

A.2d 767 (1991). Additionally, our scope of review of issues relating to the trial court's conduct of the hearings, i.e., procedural issues, is limited to determining whether the trial court abused its discretion in resolving such matters. *See Department of Transportation v. Weller*, 133 Pa.Commonwealth Ct. 18, 574 A.2d 728 (1990). We will now examine issues two (2), seven (7), eight (8) and nine (9), within the limits of our scope of review.

FOP's issue two (2) deals with our scope of review of the trial court's resolution of factual disputes. FOP alleges Markowitz was improperly excluded from deliberations leading to the final award. This allegation of fact was raised by FOP in its petition, as set forth hereinabove, and dealt with by the trial court. Specifically, at the hearing before the trial court, Markowitz testified that he was excluded from meetings between Felix and Kasher concerning provisions in the award, and that he was unable to state his views on certain issues dealt with in the award because of his being excluded. However, contrary to Markowitz' testimony, the trial court specifically found that Markowitz was not excluded from deliberations by the other two arbitrators; it further found that numerous executive sessions and telephone conferences took place in which all three arbitrators participated and had the opportunity to discuss their views concerning the matters dealt with in the final award. Conclusive of this is the fact that the trial court found that Markowitz was not credible. The record reveals that there was substantial competent evidence to support the findings of the trial court.

In addition to FOP's reliance upon Markowitz' testimony in its argument of this issue, FOP relies upon a dissenting opinion filed by Markowitz to the final arbitration award as supportive of the fact that Markowitz was excluded from the deliberative process leading to the final award. In his dissent, Markowitz charged that he was not given the opportunity to participate in or comment on certain provisions contained in the award. In its brief, FOP cites the following excerpt from Markowitz' dissent as authority for this proposition:

The Impartial Chairman's Award was not the product of the deliberations of the panel. As a member of the panel, I was not given the opportunity to discuss, or even dissent from, the Chairman's conclusions. The Impartial Chairman's Award was presented to me as a fait accompli, and as I have stated, simply rubber stamped by the City Arbitrator.

Further, it is noteworthy that some of the conclusions of the Impartial Chairman were never discussed or considered by the panel. Many of the terms of his Award were never presented to the panel and appear to be the product of the Impartial Chairman unilaterally accepting contract language presented by the City.

(Appellant's brief at p. 23 citing Markowitz' dissenting opinion). (Emphasis omitted).

We find no merit to FOP's argument that this passage from Markowitz' dissenting opinion somehow establishes, without question, that Markowitz was excluded from the deliberations leading to the final award. Moreover, in light of the fact that the trial court specifically made findings to the contrary of those set forth in Markowitz' dissent, we view this argument by FOP to be unfounded and misleading.

 Act 111 specifically provides that the determination of the "majority" of the board of arbitrators is to be binding. Act 111, 43 P.S. § 217.7(a). The fact that Markowitz filed a dissent from the majority award is of no significance and has no effect on the validity of the award. Accordingly, there being substantial evidence supporting the trial court's findings that deliberations as to the final award involving all three arbitrators occurred and that all three arbitrators had an opportunity to set forth their views relative thereto, FOP's argument is not only lacking in merit but borders on being facetious.

 We now turn to issues seven (7), eight (8) and nine (9) which deal with specific allegations of error on the part of the trial judge in the conduct of the hearing. Specifically, in issues seven (7), eight (8) and nine (9), FOP maintains that the trial court erred in improperly (1) excluding the testimony of

an expert witness it sought to submit (issue 7), (2) excluding the testimony of one of its counsel (issue 8), and (3) setting a time limit for cross examination of a witness and then terminating cross examination prior to that time (issue 9). As noted hereinabove, conduct of a trial is within the discretion of the trial judge and the court's exercise of its discretion will not be reversed in the absence of abuse. *See, Department of Transportation v. Weller,* 133 Pa.Commonwealth Ct. 18, 574 A.2d 728 (1990). Furthermore, the decision of whether to admit or exclude testimony of a witness, including an expert witness, is within the sound discretion of the trial court and will not be reversed absent a showing that the trial court abused its discretion in making such a determination. *Kosey v. City of Washington Police Pension Board,* 73 Pa.Commonwealth Ct. 564, 459 A.2d 432 (1983); *Wicks v. Department of Transportation,* 139 Pa.Commonwealth Ct. 336, 590 A.2d 832 (1991). Likewise, the scope and limits of cross examination are within the trial court's discretion and will be upheld absent a clear showing of abuse. *Kemp v. Qualls,* 326 Pa.Superior Ct. 319, 473 A.2d 1369 (1984). An "abuse of discretion" is not merely an error of judgment, but, if in reaching a conclusion, the law is overridden or misapplied, or judgment exercised is manifestly unreasonable, or the result of partiality, prejudice, bias, or ill will, as shown by evidence of record, discretion is abused. *Wingert v. Workmen's Compensation Appeal Board (Getty Refining & Marketing Co.),* 78 Pa.Commonwealth Ct. 640, 468 A.2d 526 (1983). Our review of the evidence of record discloses that the trial court did not commit an abuse of discretion in excluding FOP's expert witness or its counsel from testifying, nor did the court abuse its discretion in limiting FOP's cross examination of one of City's witnesses. FOP has failed to demonstrate, from the record or in its brief, how, if at all, the determinations of the trial court of these matters was the result of prejudice, bias, ill will, or that the trial court's determinations were manifestly unreasonable. Accordingly, we find that the trial court did not err in its rulings as asserted by FOP in issues seven (7), eight (8) and nine (9).

 The next group of issues which we will address concern the final award. These issues are as follows:

3. Whether a provision of an Act 111 arbitration award directing that non-parties to the arbitration disgorge over millions of dollars to the City should be vacated.

4. Whether provisions of an Act 111 arbitration award delegating two impasse issues to different entities should be vacated.

5. Whether the court below erred in refusing to vacate the Act 111 arbitration award because of the failure to comply with the requirements of the PICA Act.

6. Whether the arbitration award was unconscionable.

Although Section 217.7(a) of Act 111 expressly prohibits appeals from Act 111 arbitration awards to the courts of this Commonwealth, the Supreme Court has provided for a limited review by the courts of said awards in the nature of "narrow certiorari." *See Moon v. Police Officers of Moon,* 508 Pa. 495, 498 A.2d 1305 (1985), *citing Washington Arbitration Case,* 436 Pa. 168, 259 A.2d 437 (1969); *Fraternal Order of Police Lodge No. 5 v. City of Philadelphia,* 118 Pa.Commonwealth Ct. 132, 546 A.2d 137 (1988). Such "narrow certiorari" review is limited to (1) questions of jurisdiction; (2) the regularity of the proceedings; (3) questions of excess in the exercise of powers; and (4) constitutional questions. *City of Washington v. Police Department,* 436 Pa. 168, 259 A.2d 437 (1969). We note that our review, as well as the trial court's, in the nature of "narrow certiorari" does not include a review of questions of law or errors of law. *Appeal of Upper Province Township,* 514 Pa. 501, 526 A.2d 315 (1987) (there is no "legal error" or "question of law" review of Act 111 arbitration).

 FOP argues, in issue three (3), that the following provision in the arbitration award warrants setting aside the award. This provision is as follows:

Any funds (excluding funds required to meet incurred by not yet reported claims and pending claims) which have not been expended for health and welfare benefits shall be returned to the City forthwith. This includes but is not

limited to rebates, reserves, return of premium or any monies not expended for benefits while under FOP, LEHB, PFMA, PFME, or PFMC administration.

(R.R. 2196a).

Specifically, FOP maintains that this provision is illegal because, FOP asserts, the funds designated in the award to be turned over to City, are not the property of FOP, but instead belong to the corporate entities named in the award. Additionally, FOP maintains that this provision is illegal because it directs non-parties to the arbitration proceeding to turn over funds to City.

In issue four (4) FOP refers to a provision in the arbitration award wherein the arbitration panel directed that certain issues which it did not settle, involving civilianization and work schedules, be turned over to other entities for resolution. FOP maintains that resolution of the issues submitted to arbitration were to be resolved *exclusively* by the panel. FOP argues that the award should be vacated because of this provision.

In issue five (5), FOP argues that the arbitration panel failed to comply with PICA in arriving at the award because, FOP contends, the arbitrators failed to state with specificity the factors which they took into consideration in giving weight to City's financial status and City's financial plan.

Finally, in issue six, FOP maintains that the award is unconscionable because, it charges, the award subjects its members to "terms that are arduous, oppressive and even cruel," and that the "PICA Act ... stacks the deck in favor of the City and against F.O.P." (Appellant's brief p. 33). Additionally, FOP argues that "the award resulted from arbitration proceedings that were tainted by confidential, *ex parte* communications between the neutral arbitrator and the City's counsel, arbitrator and witness" and that therefore it is "[w]ithout question there has been a complete absence of good faith, honesty in fact, and observance of fair dealing" thus rendering the award unconscionable. (Appellant's brief pp. 33–34).

Of the foregoing issues for review, issues three (3), four (4), and five (5), seek our determination of legal issues which were determined by the arbitrators.

■ As to issue six (6), we reject FOP's argument because FOP has merely set forth conclusive statements, as set forth hereinabove, concerning the unconscionability of the award without citing to the record any evidence or findings of the trial court to support said statements. Additionally, issue six (6), as well as issues three (3), four (4) and five (5) relate to matters which are outside our scope of review in the nature of narrow certiorari.

■ Finally, we turn to issue one (1) set forth by FOP as follows:

1. Whether an Act 111 arbitration award should be vacated because of *ex parte* contacts between representatives of a party and the neutral arbitrator to which the other party did not consent.

This issue, which has been cleverly stated by FOP, at first blush appears to address, once again, the propriety of alleged *ex parte* contacts between Kasher and Felix as argued by FOP in issue two (2). However close scrutiny of the phrasing of this issue, and FOP's brief regarding this issue, discloses that FOP is not, in fact, challenging contacts between Kasher and Felix.[12] Before directly addressing this issue, we need to set forth some additional factual matters dealt with by the trial court which pertain to this issue.

FOP, before the trial court, presented testimony that Brian Pedrow (Pedrow), an attorney with the law firm representing City, had contacts with Kasher without the consent of its arbitrator Markowitz. Both Kasher and Pedrow admitted that Pedrow did assist Kasher in specific tasks requested by Kasher during his drafting of the final award. Kasher further

12. FOP does discuss in its brief, in relation to this issue, the fact that *ex parte* contacts occurred between Kasher and Felix and between Kasher and Cohen. However, as will become clear through the subsequent discussion of issue one (1), these matters have not been raised as part of issue one (1).

testified that he requested of both Felix and Markowitz that he be given assistance in preparation of the detail for the final award and that both Felix and Markowitz agreed that Pedrow should be assigned to assist Kasher. The trial court resolved this disputed factual issue against FOP by specifically finding that Markowitz consented to Pedrow assisting Kasher in preparing drafts of the award.[13] *See* Opinion of trial court at pp. 19–20.

FOP, whose position before the trial court was that Markowitz did not consent to Pedrow assisting Kasher, does not, either in its statement of issues, or its brief, challenge the trial court's finding that Markowitz did in fact consent thereto. FOP, for the first time on appeal to us, argues that even though Markowitz consented to Pedrow assisting Kasher, it, FOP, did not authorize Markowitz to give his consent to Kasher's use of Pedrow in drafting the final award.[14] Consequently, FOP maintains that Markowitz was acting without its authority when Markowitz consented to Pedrow's assisting Kasher. Thus, FOP asserts that the final award should be vacated as being the result of improper *ex parte* contacts.

The rule in this Commonwealth has long been that issues not raised in the court below are waived and cannot be raised for the first time on appeal. *Fatzinger v. City of Allentown,* 140 Pa.Commonwealth Ct. 62, 591 A.2d 369, *appeal denied,* 529 Pa. 653, 602 A.2d 862 (1991). Thus, because FOP raises the issue of the lack of authority of its partial arbitrator, Markowitz, to consent to the contacts between Kasher and Pedrow for the very first time in this appeal, we hold that said issue is waived.[15]

---

13. Although Markowitz testified that he did not consent to the contacts between Pedrow and Kasher, the trial court, as the ultimate factfinder, specifically found his testimony not to be credible. *Department of Transportation v. Monohan,* 144 Pa.Commonwealth Ct. 328, 601 A.2d 489 (1991) (questions of credibility and reconciliation of conflicting evidence are for the trial court).

14. FOP raised this issue at oral argument and in its brief.

15. Although we decide that FOP failed to raise this issue before the trial court and therefore has waived it, we note that the question of a principal's consent to its representative arbitrator's conduct does not

Based upon the foregoing analysis of all nine issues raised by FOP, we conclude that the trial court properly upheld the arbitration award in its denial of FOP's petition to vacate. Accordingly, we will affirm the trial court's order in this respect. We now turn to the appeal of City at 1373 C.D. 1993.

## Appeal of City

■ City raises the following issue for our review:

Whether the provision of the award reducing disability pay is in violation of the Pennsylvania Heart and Lung Act?[16]

Specifically, City argues that the trial court erred in striking paragraph 5 of the arbitration award as being in conflict with the Heart and Lung Act. City contends that the Heart and Lung Act does not apply to it as determined by our Supreme Court in the case of *Ebald v. City of Philadelphia*, 387 Pa. 407, 128 A.2d 352 (1957).[17]

As noted numerous times throughout this opinion, the scope of review of an Act 111 arbitration award is limited to a review in the nature of narrow certiorari which precludes courts from performing its usual function of reviewing for errors of law.

fall within our narrow certiorari review of Act 111 arbitration awards. Additionally, we note that for us to expand the scope of review of an Act 111 arbitration award to permitting the parties to challenge their representative arbitrator's authority to act on their behalf in arriving at a final award would, ultimately, destroy Act 111 proceedings. Moreover, as noted hereinabove at footnote 2, our Supreme Court has specifically held that the representative arbitrator to an Act 111 proceeding necessarily acts on behalf of the appointing party. *See Borough of New Cumberland v. Police Employees of Borough of New Cumberland*, 503 Pa. 16, 467 A.2d 1294 (1983).

16. Act of June 28, 1935, P.L. 477, *as amended*, 53 P.S. § 637.

17. *Ebald* involved a suit brought by a City police officer seeking to recover disability compensation benefits from City pursuant to the Heart and Lung Act. City filed preliminary objections asserting that the Heart and Lung Act did not apply to it because, pursuant to *its* Home Rule Charter, it enacted a comprehensive program which specifically dealt with disability compensation for its police officers. City maintained that its regulation superseded the provisions of the Heart and Lung Act. Because the plaintiff in *Ebald* conceded that regulations enacted pursuant to City's Home Rule Charter superseded state statutes on matters of local concern, and because the Court determined that the matter of disability compensation was of local concern, the Court sustained City's preliminary objections.

The trial court, in determining that the award was in conflict with the Pennsylvania Heart and Lung Act, went beyond the scope of review in the nature of narrow certiorari as it reviewed a legal determination of the arbitrators. As the trial court erred in reviewing paragraph 5 of the award for legal errors, we will reverse that portion of the trial court's order vacating paragraph 5 of the arbitration award and reinstate the same.

## ORDER

### No. 1294 C.D. 1993

AND NOW, this 7th day of December, 1993, it is hereby ordered as follows:

1. The Fraternal Order of Police's motion to strike pages 136b–2136b of the supplemental reproduced record is granted.

2. The order of the Court of Common Pleas of Philadelphia County dated May 20, 1993 denying the Fraternal Order of Police's Petition to Vacate Award and Petition of Stay and Enjoin Enforcement of Award is affirmed.

## ORDER

### No. 1373 C.D. 1993

AND NOW, this 7th day of December, 1993, the portion of the order of the Court of Common Pleas of Philadelphia County vacating paragraph 5 of the arbitration award is reversed and paragraph 5 is reinstated.