644 A.2d 224

**HAVERFORD TOWNSHIP, Appellant,**

**v.**

**DELAWARE COUNTY LODGE # 27, F.O.P.**

Commonwealth Court of Pennsylvania.

Argued May 12, 1994.

Decided June 14, 1994.

Michael J. Ossip, for appellant.

S. Stanton Miller, Jr., for appellee.

Before CRAIG, President Judge, SMITH, J., and LORD, Senior Judge.

LORD, Senior Judge.

This is an appeal from a judgment entered by the Court of Common Pleas of Delaware County after it granted a motion to strike Haverford Township's (township) petition to vacate an arbitrators' award. The motion to strike was filed by Delaware County Lodge No. 27, Fraternal Order of Police (FOP).

The sole issue raised in this appeal is whether the township's petition to vacate was timely filed. The parties agree that the petition to vacate was filed April 27, 1993, that under Section 933(b) of the Judicial Code, 42 Pa.C.S. § 933(b)[1], the

1. That section provides:

Except as otherwise prescribed by any general rule adopted pursuant to section 503, each court of common pleas shall have jurisdiction of

petition is deemed an appeal from a government unit, and that Section 5571(b) of the Judicial Code, 42 Pa.C.S. § 5571(b), therefore governs as to its timeliness. That provision states "an appeal from a tribunal or other government unit to a court or from a court to an appellate court must be commenced within 30 days after the entry of the order from which the appeal is taken, in the case of an interlocutory or final order." Thus, we must determine when there was an "entry of the order from which the appeal [was] taken."

The trial court held a hearing on this question and determined that the *entry* of the order appealed from occurred no later than March 26, 1993 and, therefore, the appeal was late.

■ The crux of the trial court's reasoning is found in the following portion of its opinion.

The issue of when an order is considered to be entered for purposes of determining the limitation period is addressed in Section 5572 of the Judicial Code, 42 Pa.C.S.A. § 5572, which provides as follows:

The date of service of an order of a government unit, which shall be the date of mailing if service is by mail, shall be deemed to be the date of entry of the order for the purposes of this sub-chapter.

*The evidence in the instant case unequivocally established that a final determination of a majority of the board of arbitrators occurred on March 16, 1993, when the Respondent's arbitrator executed the Award which was sent to him and previously signed by the neutral arbitrator.* See 43 P.S. § 217.7(a). However, the time for the running of the limitation period on the filing of a petition to review the Award did not commence until the entry of the Award or the date of service of the Award. While the evidence was not precise as to when this occurred, *the credible testimony*

petitions for review of an award of arbitrators appointed in conformity with statute to arbitrate a dispute between a government agency, except a Commonwealth agency, and an employee of such agency. The application shall be deemed an appeal from a government agency for the purposes of section 762(4) (relating to appeals from courts of common pleas) and Chapter 55 (relating to limitation of time).

*introduced at the hearing on this matter established that the manager of the Township had possession of the Award and was discussing details of the document no later than March 26, 1993.* Giving the Township every benefit of the doubt and using March 26, 1993 as the entry date of the Award, the filing of its Petition to Vacate on April 27, 1993 was untimely and properly stricken by the Court.

*Haverford Township v. Delaware County Lodge # 27, F.O.P.,* (No. 93–5847, filed January 1, 1994), slip op. at 4–5 (emphasis added).

The trial court found that the parties had in their possession an award signed by a majority of the arbitration panel at least by March 26, 1993 and, therefore, a final award had been issued by that date. This reasoning might be correct were it not for the fact that on March 19, 1993—a week before the March 26, 1993 date the trial judge found the order was entered—the arbitrators entered into the following important stipulation:

### HAVERFORD TOWNSHIP ACT III ARBITRATION

We the undersigned PARTY arbitrators agree as follows:

1) All the proceedings in this matter have produced tentative Awards, as the result of timely and appropriate meetings.

2) Inasmuch as the PARTIES have received the NEUTRAL'S tentative AWARDS and decided that they may be able to resolve the issues addressed therein, the ISSUANCE of a final AWARD shall be delayed until March 29, 1993.

s/        s/

3/19/93

The township contends this stipulation unequivocally extends the time for the finality of the award. The arbitrators obviously believed that the parties decided they might be able to settle the issues and so extended the time for finality. The stipulation makes clear that any awards are tentative until March 29, 1993.

■ Both the FOP and the trial court counter this contention with the correct statement of law that parties cannot by agreement or otherwise extend the time for appeal, which goes to a court's jurisdiction. With this statement we agree. However, it is of no avail to the FOP because the parties simply did not extend the time for appeal. They merely agreed to extend the time for negotiations and, in order to obtain that time, agreed to extend the time for entry of a final order.

Here, the parties by written stipulation (and at the suggestion of the neutral arbitrator) entered into an agreement that a final determination would not be made until a date certain. While parties have no control over the time period in which an appeal lies, which is jurisdictional and incapable of waiver even by agreement, they do have some control over the proceedings which precede an appeal.

In *Borough of New Cumberland v. Police Employees of the Borough of New Cumberland*, 503 Pa. 16, 467 A.2d 1294 (1983), the Supreme Court reviewed an award rendered beyond the thirty days allowed for the arbitrators' decision.[2] It reversed this Court which had concluded that the arbitration award was void. *Borough of New Cumberland v. Police Employees*, 63 Pa.Commonwealth Ct. 441, 439 A.2d 849 (1981). The Supreme Court, holding that the thirty-day provision had been waived, said

> Here, both party appointed arbitrators, with the approval of the board's chairman, explicitly waived the thirty-day requirement in an effort to reach a mutually acceptable solution. Consistent with [*International Association of Firefighters v. City of Johnstown*, 468 Pa. 96, 360 A.2d 197 (1976) ], a party whose representative has acquiesced in the extension of proceedings beyond the thirty days specified in section 4(b) may not be permitted to nullify an award

**2.** Section 4 of Act 111, 43 P.S. § 217.4, requires that arbitration proceedings commence within ten days after the third arbitrator is selected. It also requires that the arbitrators make a determination within thirty days after the third arbitrator's selection.

rendered by the binding arbitration procedures mandated by Act 111.

Adopting analogous reasoning, we paraphrase the Supreme Court's language here and state that an arbitrating party, whose representative has in writing expressly agreed that no final award shall issue until a particular date, may not then contend that the award became final and therefore appealable before that date so as to deprive the opposing party of its appellate rights.

We reverse.

## ORDER

AND NOW, this 14th day of June, 1994, it is hereby ordered that the order of the Delaware County Common Pleas Court at No. 93–5847, dated October 25, 1993, is hereby reversed.