528 A.2d 299

Dunmore Police Association by its Trustee ad Litem, Robert Parks, Appellant *v.* Borough of Dunmore and Joseph Domnick, in his capacity as Mayor of the Borough of Dunmore and Leonard A. Verrastro, President, et al., Appellees.

Dunmore Police Association, Appellant *v.* Borough of Dunmore, Appellee.

Borough of Dunmore, Appellant *v.* Dunmore Police Association, Appellee.

Argued September 8, 1986, before Judges MACPHAIL and PALLADINO, and Senior Judge BARBIERI, sitting as a panel of three.

*Anthony C. Busillo, II,* with him, *Robert H. Sayers, Mancke, Lightman* & *Wagner,* for appellant/appellee, Dunmore Police Association.

*Robert Ufberg, Rosenberg* & *Ufberg,* for appellee/ appellant, Borough of Dunmore.

OPINION BY JUDGE PALLADINO, July 10, 1987:

This case arises on cross-appeals by the Dunmore Police Association (Police) and the Borough of Dunmore (Borough) from an order of the Court of Common Pleas of Lackawanna County (trial court) vacating an Act 111[1] Arbitration Award and dismissing an action in Mandamus filed by the Police. For the reasons which follow, we reverse and remand.

---

[1] Act of June 24, 1968, P.L. 237, 43 P.S. §§217.1—217.10, popularly known as Act 111, which provides police and firemen with the right to bargain collectively with their public employers regarding the terms and conditions of employment.

In March of 1984, an impasse in the negotiation of a new collective bargaining argreement occurred. The parties elected to submit the matter to a tripartite Act 111 interest arbitration panel, and that any award would include the years 1983, 1984 and 1985.[2] The arbitrators held three (3) hearings wherein counsel for the Police, Robert Sayers, Esquire, also acted as their sole witness. Under cover letter dated January 21, 1985, the panel issued its award.[3]

The arbitration award settled numerous disputed issues including, among others, salary, insurance coverage, vacation time and paid holidays. However, as to scheduling matters, the arbitrators could not reach a decision. Therefore, paragraph 7 of the award states:

7. The subject of Sick Leave, Work Week and proposals for Call-in, Standby and Management scheduling provisions shall be subject to negotiations by a Committee consisting of 2 representatives of the Borough and 2 representatives of the Police Association meeting at least monthly beginning January 1, 1985, with a neutral committee selected through American Arbitration Association procedures. This Commitee [sic] shall produce a Report and Recommendations for resolution of these issues by July 1, 1985. If the parties do not agree to said resolutions, that Report and Recommendations will be submitted to a regular Act 111 Arbitration Board thereafter.

---

[2] These hearings were held on June 1, 1984, June 21, 1984, and July 20, 1984.

[3] The majority opinion was authored by the neutral arbitrator and signed on December 13, 1984. The Police arbitrator concurred on December 20, 1984. Thereafter, the Borough arbitrator issued an undated dissenting opinion. Although the trial court stated that the parties received the arbitration award on or about January 24, 1985, the record contains no support for this finding.

Without such a detailed consideration of the Parties' scheduling needs, this Board takes no position on the disputed work schedule issue but believes that it can best be deferred to later deliberations based upon such a report. It is understood, however, that, effective January 1, 1985, the pre-1980 work schedule will be put into effect pending the final determination of the issue in accordance with the foregoing procedure.

On February 25, 1985, the Borough appealed the arbitrators' award to the trial court, asserting that the proceedings were so fraught with irregularities that the entire award should be vacated. The Borough contended the attorney for the Police could not act both as counsel and witness and that the arbitrators could not delegate unresolved issues to a committee for further negotiation.

On April 4, 1985, the Police filed an action in Mandamus together with a Motion for Peremptory Judgment as a means of enforcing the award. The Police contended that the Borough failed to implement any of the provisions of the award, that implementation was merely a ministerial act and that the Court, therefore, should order the Borough to put the award into effect.

The trial court, by order dated October 2, 1985, granted the Borough's appeal on the grounds that delegation to a negotiating committee was illegal, remand to the Act 111 panel was impossible and, thus, a new panel should be constituted, an arbitration hearing held and a new award rendered. Accordingly, the trial court dismissed the Police Mandamus action as moot.

Our scope of review under Act 111 is limited to a review of the arbitration award in the nature of narrow certiorari. Review is limited to questions of jurisdiction, the regularity of the proceedings before the arbitrator,

excess in the exercise of power, and constitutional questions. *Appeal of Upper Providence Township,* 514 Pa. 501, 526 A.2d 315 (1987), reaffirming *Washington Arbitration Case,* 436 Pa. 168, 259 A.2d 437 (1969); *Allegheny County Police Ass'n v. County of Allegheny,* 100 Pa. Commonwealth Ct. 327, 514 A.2d 964 (1986).

On appeal to this Court, the Borough renews its objection to the fact that counsel for the Police presented their case in narrative form, without calling any witnesses to testify. The Borough asserts that this so taints the proceedings as to require us to affirm the trial court's vacation of the arbitration award.

In support of this assertion, the Borough cites Code of Professional Responsibility DR 5-102(A),[4] which proscribes an attorney from *conducting a trial* in which he is to be a witness.[5] While acknowledging that this is a matter of first impression in this Commonwealth, the

---

[4] DR 5-102(a) states:

If, after undertaking employment in contemplated or pending litigation, a lawyer learns or it is obvious that he or a lawyer in his firm ought to be called as a witness on behalf of his client, he shall withdraw from the conduct of the trial and his firm, if any, shall not continue representation in the trial. . . .

[5] EC 5-9 describes the witness/advocate dilemma as follows: Occasionally a lawyer is called upon to decide in a particular case whether he will be a witness or an advocate. If a lawyer is both counsel and witness, he becomes more easily impeachable for interest and thus may be a less effective witness. Conversely, the opposing counsel may be handicapped in challenging the credibility of the lawyer when the lawyer also appears as an advocate in the case. An advocate who becomes a witness is in the unseemly and ineffective position of arguing his own credibility. The roles of an advocate and of a witness are inconsistent; the function of an advocate is to advance or argue the cause of another, while that of a witness is to state facts objectively.

Borough contends that DR 5-102(A) should apply with equal force to proceedings before an Act 111 arbitration panel. We disagree.

"An arbitration panel is neither a court nor an administrative agency." *Washington Arbitration Case,* 436 Pa. at 172, 259 A.2d at 440. In fact, arbitration, especially Act 111 arbitration, is quite different. We agree with the trial court when it said "[t]he purpose of arbitration represents an extension of the collective bargaining process. Both sides present proposals and supporting evidence to allow the arbitrators to make a decision on the issues presented to them."[6] By its very nature, it is an informal proceeding.

In *Borough of New Cumberland v. Police Employees of New Cumberland,* 503 Pa. 16, 22, 467 A.2d 1294, 1294 (1983), our State Supreme Court stated that "the Legislature clearly designed Act 111 in recognition of the desirability of permitting each party to select a board member who will 'represent' its interests, and whose expertise, reliability, and sense of judgment the party trusts . . .", thereby reinstating an arbitration award where the arbitrator selected by the Police consulted with them, and actively advanced their interests during the panel's deliberations. We could hardly be justified in affirming the action of the trial court in vacating an entire three year arbitration award where the attorney presenting his client's case also presented factual testimony when the *arbitrator* can actively seek to advance the cause of the party who selected him.

The Borough next contends that the panel could not delegate certain issues in dispute to a separately constituted negotiating committee. We agree.

---

[6] *Borough of Dunmore v. Dunmore Police Ass'n,*     Pa. D. & C. 3d     (Nos. 85 Civil 993 and 1927 filed September 2, 1985).

It is well settled that an Act 111 arbitration panel can award any term or condition of employment to which the parties could voluntarily agree. *Township of Moon v. Police Officers of Township of Moon,* 508 Pa. 495, 498 A.2d 1305 (1985); *Chirico v. Board of Supervisors for Newtown Township,* 504 Pa. 71, 439 A.2d 1281 (1981). The Police assert that the panel was free to delegate the scheduling issue to a separate negotiating committee because the parties could have agreed to this themselves. This is not the case.

Act 111 provides that the arbitration panel is to reach a final, binding determination of the issue(s) in dispute. 43 P.S. §217.7. The entire act, containing time limitations at every stage of the process, *see* 43 P.S. §§217.3, 217.4(a), 217.4(b), and 217.7(b), is designed to reach an equitable settlement of the disputed issues in a minimum amount of time. Allowing the parties to delegate certain disputed issues to a separate body for continued negotiation would defeat the purpose of the Act. The result would be neither final nor binding and would allow the process to extend beyond the time limits provided by Act 111.

However, we cannot agree with the Borough, or the trial court, that the entire award should be vacated. To do so would be duplicative and an unfortunate waste of the efforts of the parties, the arbitrators and the court. This is especially true in light of the clear mandate in the award that "effective January 1, 1985, the pre-1980 work schedule will be put into effect pending the final determination of the issue in accordance with the foregoing procedure." It is within the province of this Court to sever and strike that portion of paragraph 7 of the arbitration award which delegates the issues of Sick Leave, Work Week, Call-in, Standby and Management scheduling to a separate negotiating committee without involving the remainder of the award. The parties are

directed to select a new Act 111 panel to resolve the issues in question within the strictures of the Act.

Finally, we are faced with the appeal by the Police of the trial court's order dismissing their action in Mandamus as moot. Since we have reinstated the arbitration award, we will reverse the trial court's order and remand for consideration of the Police Mandamus action.

## ORDER

AND NOW, July 10, 1987, the order of the Court of Common Pleas of Lackawanna County in the above-captioned matter is reversed and the Arbitration Award is reinstated. That portion of paragraph 7 of the Arbitration Award concerning the delegation of issues to a separate negotiating committee is stricken and the case is remanded to allow a new Act 111 arbitration panel to consider these issues. The Court of Common Pleas is directed to consider the mandamus action on the merits.

Jurisdiction relinquished.