The **CENTRAL DAUPHIN SCHOOL DISTRICT**, Appellant,

v.

The **CENTRAL DAUPHIN EDUCATION ASSOCIATION**.

Commonwealth Court of Pennsylvania.

Argued Sept. 16, 1999.

Decided Oct. 27, 1999.

David R. Fine, Harrisburg, for appellant.

J. Paul Helvy, Harrisburg, for appellee.

Before DOYLE, President Judge, and PELLEGRINI, J., and NARICK, Senior Judge.

NARICK, Senior Judge.

The Central Dauphin School District (District) appeals from an order of the Court of Common Pleas of Dauphin County (trial court) denying the District's petition to modify or correct the arbitration award. The arbitration award directed the parties to conduct further negotiations to fill in a gap in the existing Collective Bargaining Agreement (CBA). The trial court's order specified that if the parties failed to negotiate the additional term within sixty (60) days, the matter would be resubmitted to the Arbitrator for determination of the additional term. While the parties present several issues for our review, the interlocutory nature of the trial court's order precludes our reaching the merits of those arguments.

The pertinent facts are as follows. The Central Dauphin Education Association (Association) is the union representative of a bargaining unit consisting of teachers and various other employees of the District. The Association and the District negotiated a CBA addressing the terms and conditions of employment, which became effective July 1, 1996 and ends June 30, 2000. The CBA requires the parties to arbitrate any disputes within the scope of the CBA. A dispute arose concerning the compensation rate the District must pay Association members for work performed after regular school hours. On November 19, 1997, the Association filed a grievance which the parties submitted to arbitration when they could not resolve the matter.

The evidence presented before the Arbitrator revealed that the circumstances underlying the instant action originated when the Pennsylvania Department of Education cited the District for failing to comply with the requirement to prepare an instructional program for gifted children enrolled in kindergarten through the second grade. In an effort to comply with this requirement the District established a teacher task force responsible for developing such a program. Due to time constraints and schedule conflicts, the District required this task force to work on the project during a series of after school meetings. The District compensated these teachers at the rate of $15.00 per hour in accordance with the District's "Memo 10," a memorandum setting forth the District's long standing unilateral compensation schedule for work performed by teachers after regular school hours.[1] The District and the Association did not bargain for a CBA provision addressing compensation for voluntary or mandatory work performed by teachers after regular school hours. The past practice of the parties revealed that the "Memo 10" rate had been applied to situations where teachers had the option to perform certain tasks during school hours but elected to perform the work activity after regular school hours. (Arbitrator's Opinion and Award at 6, 13). There is no past practice of paying the "Memo 10" rate for work activity which the District required to be performed after regular school hours. *Id.*

The Association argued that the District should compensate members of the task force at the per diem rate specified in the CBA rather than the "Memo 10" rate. Article III, Section E of the CBA specifies that teachers who are required to work

---

1. Since at least 1984, the District has unilaterally established a schedule of hourly and per diem pay rates addressing specific positions and categories of activities. The District codified this schedule in a document referred to as "Memo 10." (Arbitrator's Opinion and Award at 3).

more than 191 days in a school year shall receive per diem compensation for each additional day worked. *Id.* at 2. Each teacher's per diem rate is computed based on his or her regular annual salary. *Id.* at 2, 8. The parties jointly submitted the following question for the Arbitrator's consideration: "Did the District violate the CBA when it required professional employees to attend meetings after the work day and pay them in accordance with the 'Memo 10' rate rather than at their per diem rate? If so, what shall be the remedy?" *Id.* at 2.

On March 11, 1998, the Arbitrator issued an opinion and award in which he concluded that the CBA did not contain any provision addressing the issue presented in the grievance. *Id.* at 12–13. Accordingly, the Arbitrator found that the District's decision to compensate the task force at the "Memo 10" rate did not violate the CBA. *Id.* The Arbitrator also found that there was no past practice between the parties regarding this issue that would provide guidance in resolving the dispute. *Id.* The Arbitrator directed the parties to engage in negotiations in an effort to determine an agreeable compensation rate for work conducted beyond the normal school day. *Id.* at 15. The Arbitrator further directed that if the parties could not reach a negotiated settlement within a reasonable time, he would "fill in the gap" in the CBA by determining a reasonable pay rate for mandatory after-hours work. *Id.* at 15–16. The District then filed a Petition to Modify or Correct an Arbitration Award with the trial court which heard the matter en banc. The trial court

subsequently denied the District's petition via the following order:

> AND NOW, this 13[th] day of March, 1999, upon consideration of the Petition to Modify or Correct the Arbitration Award, it is ordered that said Petition is DENIED. IT IS HERBY ordered that the parties adhere to the Arbitrator's direction that they negotiate a rate of compensation for bargaining unit members who are required to work beyond the normal school day. Parties will have no more than sixty (60) days from the date of this Order to comply, or else the matter will be resubmitted to the Arbitrator who will determine the rate of compensation.

*Central Dauphin School District v. Central Dauphin Education Association,* 119 Dauph. 35, 39 (C.P.Pa.1999).

The District subsequently filed a timely appeal with this Court.[2] We observe, sua sponte, that the trial court's order is interlocutory and not a final order from which an appeal may be taken.[3] In *Buehl v. Horn,* 728 A.2d 973 (Pa.Cmwlth.1999), we addressed the finality of trial court orders in the following passage:

> It is a well-settled principle of law in the Commonwealth that a trial court ... can issue two types of orders, final and interlocutory. Pursuant to Pa. R.A.P. 341, a "final order" is any order that:
>
> > (1) disposes of all claims and of all parties, or
> >
> > (2) any order that is expressly defined as a final order by statute; or

*United Steel Workers of America, Local 14354,* 725 A.2d 248 (Pa.Cmwlth.1999). Accordingly, we are bound to respect and uphold an arbitrator's award unless it is manifestly unreasonable. *Id.*

**2.** Our scope of review of an arbitrator's decision is extremely narrow. An arbitrator's decision will not be overturned if it draws its essence from the parties' collective bargaining agreement. *Department of the Auditor General, Commonwealth of Pennsylvania v. Council 13, AFSCME, AFL–CIO,* 688 A.2d 241 (Pa. Cmwlth.1997). Under the "essence test," we are limited to determining whether the arbitrator's decision could rationally be derived from the collective bargaining agreement. *City of Johnstown/Redevelopment Authority v.*

**3.** *Riley v. Farmers Fire Insurance Company,* 735 A.2d 124 (Pa.Super.1999) (the appealability of an order is a question of jurisdiction that may be raised sua sponte).

(3) any order entered as a final order pursuant to subdivision (c) of this rule.

Conversely, an interlocutory order is an interim order which does not end the litigation, but only disposes of an intermediate aspect of it.

*Id.* at 976–977 (citations omitted).[4]

■ The trial court's order is clearly not final since it directs the parties to negotiate an additional CBA term and contains a conditional remand to the Arbitrator should the parties fail to reach agreement within 60 days. Because the trial court's order did not dispose of all claims and all parties, the order at issue is interlocutory and not appealable.

■ We note that Pa. R.A.P. 311(f) creates an appeal as of right from an interlocutory order of a court of common pleas which remands a matter to an administrative agency or hearing officer provided that the remand order does not direct an action requiring the exercise of administrative discretion.[5] The District does not have an appeal as of right pursuant to Pa. R.A.P. 311(f) for two reasons. First, it is well settled that an arbitration panel does not qualify as either a court or an administrative agency. *Dunmore Police Association v. Borough of Dunmore*, 107 Pa.Cmwlth. 306, 528 A.2d 299, 301 (1987) citing *Washington Arbitration Case*, 436 Pa. 168, 172, 259 A.2d 437, 440 (1969). Arbitration is an informal proceeding initiated by the parties to the CB which represents an extension of the collective bargaining process. *Id.* Since there is no administrative agency involvement with grievance arbitration, Pa. R.A.P. 311(f) does not apply in such proceedings. Second, even if Pa. R.A.P. 311(f) did apply to an arbitration proceeding and the remand was required due to a failure of the parties to negotiate an agreement within 60 days, the Arbitrator's crafting of an additional CBA term would clearly constitute an exercise of discretion which precludes an appeal as of right under Pa. R.A.P. 311(f).

Accordingly, since we are void of jurisdiction to consider the underlying merits of the matter sub judice, the District's appeal from the order of the trial court is quashed.

## *ORDER*

AND NOW, this 27th day of October, 1999, the appeal of the Central Dauphin School District from the March 13, 1999 order of the Court of Common Pleas of Dauphin County is hereby quashed as an appeal from an interlocutory order.

---

**4.** Prior to amendment of Pa. R.A.P. 341, effective July 6, 1992, an order was deemed final for purposes of an appeal if it contained a "final aspect" pertaining to an issue or a party in the litigation, regardless of the order's effect on the remaining aspects of the litigation. The 1992 amendment of Pa. R.A.P. 341 limits appeal to those orders that essentially dispose of the entire case, unless the trial court specifically orders otherwise. See 3 G. Ronald Darlington, et. al., Pennsylvania Appellate Practice, Appendix F, §§ 341:101–106 (2d ed.1998).

**5.** Effective July 6, 1992, our Supreme Court amended Pa. R.A.P. 311(f) to permit an appeal as of right from "an order of a common pleas court or government unit remanding a matter to an administrative agency or hearing officer for execution of the adjudication of the reviewing tribunal in a manner that does not require the exercise of administrative discretion ..." Pa. R.A.P. 311(f). *See also Berks County Intermediate Unit v. Workmen's Compensation Appeal Board (Rucker)*, 158 Pa. Cmwlth. 305, 631 A.2d 801 (1993).