IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Margaret Mazur,                          :
                                         :
                    Appellant            :
                                         :
         v.                              : No. 1220 C.D. 2021
                                         : Submitted: March 24, 2023
Thomas Nee                               :


BEFORE:    HONORABLE RENÉE COHN JUBELIRER, President Judge
           HONORABLE MICHAEL H. WOJCIK, Judge
           HONORABLE BONNIE BRIGANCE LEADBETTER, Senior Judge


OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE WOJCIK                              FILED: February 7, 2024

         Margaret Mazur (Mazur), proceeding *pro se*, appeals from an order of the Allegheny County Court of Common Pleas (trial court) vacating previous orders that had granted her motion for judgment on the pleadings and motion to strike a late-filed opposition response. Also before this Court is appellee's request to quash the appeal because the order that has been appealed is interlocutory. For the reasons that follow, we quash the appeal.

         Mazur initiated this action by filing a complaint with the trial court against the City of Pittsburgh (City), City Police Commander Jason Lando (Commander Lando), and City Police Detective Thomas Nee (Detective Nee) (collectively, Defendants). Therein, she asserted a defamation claim against Detective Nee and, against the other Defendants, she asserted claims of failure to enforce proper police procedure, negligent supervision, and failure to take corrective

action when notified about Detective Nee's alleged defamatory statements. Defendants removed the case to the United States District Court for the Western District of Pennsylvania (federal court). In response to Defendants' motion to dismiss, the federal court permitted Mazur to amend her complaint to state a cognizable claim under federal law. Despite this opportunity, Mazur's amended complaint did not set forth sufficient facts to state a plausible claim for relief under federal law. Thus, the federal court transferred the case to the trial court.

Before the trial court, Defendants filed preliminary objections (POs) to Mazur's amended complaint. The trial court sustained the POs and dismissed with prejudice claims against the City and Commander Lando. However, the trial court permitted Mazur to file a second amended complaint against Detective Nee for the defamation claim only.

On January 26, 2020, Mazur filed a second amended complaint. Detective Nee filed an answer and new matter in response. Detective Nee then filed a motion for summary judgment, which the trial court denied. Mazur filed a motion for judgment on the pleadings. Detective Nee filed a brief in response, which Mazur moved to strike as untimely. Following oral argument, the trial court ruled from the bench that it was denying Mazur's motion for judgment on the pleadings and motion to strike. However, on October 22, 2021, the trial court entered orders granting both motions. Reproduced Record at 176.[1] When the trial court discovered this error, it immediately entered a correcting order on October 27, 2021. The October 27, 2021 order vacated the orders improvidently filed on October 22, 2021, and denied Mazur's motion for judgment on the pleadings and motion to strike. Mazur's appeal to this Court followed.

---

[1] Because the Reproduced Record was filed electronically and was not paginated, the page numbers referenced in this opinion reflect electronic pagination.

On appeal, Mazur contends that the trial court erred by denying her motion for judgment on the pleadings and motion to strike and, in so doing, applied an inappropriate standard. She requests this Court to reinstate the October 22, 2021 orders granting both motions. In response, Detective Nee argues that Mazur's appeal should be quashed because the order appealed from is interlocutory, and not immediately appealable.

Preliminarily, this Court must determine whether the order at issue is immediately appealable. Pennsylvania Rule of Appellate Procedure 341(a) provides, in relevant part, that "an appeal may be taken as of right from any final order of a . . . trial court." Pa.R.A.P. 341(a). "A final order is any order that . . . (1) disposes of all claims and of all parties; or . . . (3) is entered as a final order pursuant to paragraph (c) of this rule [(relating to orders granting interlocutory review of particular issues)] . . . ." Pa.R.A.P. 341(b). Rule 341(b) "limits [an] appeal to those orders that essentially dispose of the entire case, unless the trial court specifically orders otherwise." *Central Dauphin School District v. Central Dauphin Education Association*, 739 A.2d 1164, 1167 n.4 (Pa. Cmwlth. 1999). "Otherwise, the order is interlocutory and generally not immediately appealable." *Sunoco Partners Marketing and Terminals, L.P. v. Clean Air Council*, 219 A.3d 280, 286 (Pa. Cmwlth. 2019) (citations omitted).

Here, the October 27, 2021 order does not meet the requirements for immediate appeal. The October 27, 2021 order merely corrected prior orders to comport with the prior ruling from the bench and denied Mazur's motion for judgment on the pleadings and motion to strike. As the trial court explained in its memorandum opinion, it "never intended to sign or enter [the October 22, 2021] orders but did so by mistake. . . . Those denials are what this court had intended to

3

issue in response to [Mazur's] motions." Trial Court Op., 11/2/21, at 1. The October 27, 2021 order does not dispose of any claims, nor does it dispose of any party. As this Court has previously held, the denial of a motion for judgment on the pleadings is not a final order, but an interlocutory order that is not immediately appealable. *Brown v. City of Philadelphia*, 560 A.2d 309, 310 (Pa. Cmwlth. 1989). For these reasons, we conclude that the trial court's October 27, 2021 order is interlocutory and not immediately appealable.[2]

Accordingly, we quash Mazur's appeal.

MICHAEL H. WOJCIK, Judge

---

[2] Additionally, we note that Mazur did not petition for permission to appeal from an interlocutory order. *See* Pa.R.A.P. 1311; Section 702(b) of the Judicial Code, 42 Pa. C.S. § 702(b). Even if she had, she has not asserted compelling grounds for this Court to grant permission.

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | |
|---|---|
| Margaret Mazur, | : |
| | : |
| Appellant | : |
| | : |
| v. | : No. 1220 C.D. 2021 |
| | : |
| Thomas Nee | : |

# O R D E R

AND NOW, this 7th day of February, 2024, the above-captioned appeal is QUASHED.

_____
MICHAEL H. WOJCIK, Judge