IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Daniel A. Barnett, :
                        Appellant :
                                     :
               v. :
                                       : No. 410 C.D. 2024
Supt. Kevin Ransom : Submitted: February 4, 2025


BEFORE:     HONORABLE ANNE E. COVEY, Judge
                  HONORABLE CHRISTINE FIZZANO CANNON, Judge
                  HONORABLE MARY HANNAH LEAVITT, Senior Judge


OPINION NOT REPORTED

MEMORANDUM OPINION BY
JUDGE COVEY                                    FILED: March 11, 2025


Daniel A. Barnett (Barnett) appeals pro se from the Luzerne County Common Pleas Court's (trial court) January 10, 2024 order transferring his Petition for Writ of Habeas Corpus Ad Subjiciendum (Petition) to the Chester County Common Pleas Court (Chester County). The sole issue before this Court is whether the trial court's order is appealable under Pennsylvania Rule of Appellate Procedure (Rule) 311(c). After review, this Court quashes the appeal for lack of jurisdiction.

Barnett is currently incarcerated at the State Correctional Institution at Dallas (SCI-Dallas).[1] *See* Petition ¶ 5. On October 17, 1990, Chester County sentenced Barnett to life without parole for murder. *See* Docket No. CP-15-CR-0000731-1990. On July 28, 2023, Barnett filed the Petition in the trial court, naming

---

[1] *See* www.inmatelocator.cor.pa.gov/#/Result (last visited Mar. 10, 2025).

former SCI-Dallas Superintendent Kevin Ransom (Ransom) as Respondent.[2] That same day, Barnett filed a Petition to Proceed In Forma Pauperis (IFP). On August 1, 2023, the trial court granted Barnett IFP status. On August 23, 2023, Ransom filed an Answer to the Petition and a Motion to Dismiss/Transfer (Motion to Dismiss). On September 18, 2023, Barnett filed a response to the Motion to Dismiss. On September 21, 2023, Ransom filed a Motion to Revoke IFP status (Motion to Revoke). On January 9, 2024, the trial court held a hearing on the Petition, the Motion to Dismiss, and the Motion to Revoke, and, on January 10, 2024, transferred the matter to Chester County.

Barnett appealed to the Pennsylvania Superior Court (Superior Court). On April 2, 2024, the trial court filed its opinion pursuant to Rule 1925(a) (Rule 1925(a) Opinion), therein stating: "Since [Barnett] is challenging the legality of his confinement, venue is proper in Chester County. *See* Pa.R.Crim.P. 108(a). Accordingly, this [trial c]ourt entered its [o]rder, dated January 10, 2024, in which it transferred the matter to Chester County . . . . *See* [Section 5103(a) of the Judicial Code,[3]] 42 Pa.C.S. § 5103(a)." Trial Ct. Rule 1925(a) Op. at 1. On April 12, 2024, the Superior Court transferred the appeal to this Court.

---

[2] In the Petition, Barnett asserts that he was never sentenced to life without the possibility of parole or a mandatory minimum term of life and that no legal sentencing order exists which would allow Ransom to maintain his custody. *See* Petition ¶ 6. Barnett also alleges that his mandatory life sentence violates state and federal law. *See id.* Specifically, he alleges due process, equal protection, and ex post facto violations. *See id.*

[3] Section 5103(a) of the Judicial Code instructs, in pertinent part:

> **If a**n appeal or other **matter is** taken to or **brought in a court** . . . **of this Commonwealth which does not have jurisdiction of the** appeal or other **matter**, **the court** . . . shall not quash such appeal or dismiss the matter, but **shall transfer the record thereof to the proper tribunal of this Commonwealth**[.]

42 Pa.C.S. § 5103(a) (emphasis added).

Preliminarily, Ransom argues that Barnett's appeal should be quashed because the trial court's interlocutory order transferring Barnett's erroneously filed Petition to Chester County did not create an appeal as of right. The law is well settled that "the appealability of an order goes to the jurisdiction of the court and may be raised by the court *sua sponte*." *Phila. Cmty. Dev. Coal., Inc. v. Fassett*, 312 A.3d 377, 387 (Pa. Cmwlth. 2024). Relevant here, Rule 341(a) declares that "an appeal may be taken as of right from any final order of a . . . trial court." Pa.R.A.P. 341(a). Rule 341(b) specifies: "A final order is any order that . . . (1) disposes of all claims and of all parties; [or] . . . (3) is entered as a final order pursuant to . . . [R]ule [341(c)] [(relating to orders granting interlocutory review of particular issues).]" Pa.R.A.P. 341(b). This Court has explained that Rule 341(b) "limits [an] appeal to those orders that essentially dispose of the entire case, unless the trial court specifically orders otherwise." *Cent. Dauph. Sch. Dist. v. Cent. Dauph. Educ. Ass'n*, 739 A.2d 1164, 1167 n.4 (Pa. Cmwlth. 1999). "Otherwise, the order is interlocutory and generally not immediately appealable." *Sunoco Partners Mktg. & Terminals, L.P. v. Clean Air Council*, 219 A.3d 280, 286 (Pa. Cmwlth. 2019) (citations omitted).

Rule 311(c) provides: "An appeal may be taken as of right from an order in a civil action or proceeding changing venue, transferring the matter to another court of coordinate jurisdiction, or declining to proceed in the matter on the basis of *forum non conveniens* or analogous principles." Pa.R.A.P. 311(c). The Note to Rule 311(c) states, in relevant part:

> However, [] **subdivision [c] does not relate to a transfer under** [Section 933(c)(1) of the Judicial Code,] 42 Pa.C.S. § 933(c)(1), [**Section 5103 of the Judicial Code**,] or any other similar provision of law, because such a transfer is not to a "court of coordinate jurisdiction" within the meaning of this rule; it is intended that **there shall be no right of appeal from a transfer order based on improper subject matter jurisdiction**. Such orders may be appealed by permission under [Rule] 312, or an appeal

3

> as of right may be taken from an order dismissing the
> matter for lack of jurisdiction. *See Balshy v. Rank*, 490
> A.2d 415, 416 (Pa. 1985).

Pa.R.A.P. 311(c), Note (emphasis added). Here, Barnett did not seek permission under Rule 312, and the trial court did not dismiss the matter for lack of jurisdiction. Because the trial court's January 10, 2024 order was a transfer order based on improper jurisdiction under Section 5103(a) of the Judicial Code, Barnett has no right to appeal. Accordingly, this Court lacks jurisdiction over the appeal.

For all of the above reasons, the appeal is quashed.

_____
ANNE E. COVEY, Judge

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Daniel A. Barnett,                :
           Appellant       :
                         :
        v.                 :
                         :   No. 410 C.D. 2024
Supt. Kevin Ransom       :

## O R D E R

AND NOW, this 11th day of March, 2025, Daniel A. Barnett's appeal from the Luzerne County Common Pleas Court's January 10, 2024 order is quashed.

_____
ANNE E. COVEY, Judge