IN THE COMMONWEALTH COURT OF PENNSYLVANIA

City of Philadelphia             :
                                 :
            v.                   : No. 122 C.D. 2024
                                 : Submitted: March 13, 2026
Biz As Usual, LLC c/o Antoine    :
Gardiner,                        :
                                 :
            Appellant            :


BEFORE:   HONORABLE MICHAEL H. WOJCIK, Judge
          HONORABLE CHRISTINE FIZZANO CANNON, Judge
          HONORABLE MARY HANNAH LEAVITT, Senior Judge


OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE WOJCIK                           FILED: April 17, 2026


          Biz As Usual, LLC c/o Antoine Gardiner (Appellant) appeals from a January 12, 2024 order of the Philadelphia County Court of Common Pleas (trial court) granting the Amended Tax Lien Petition (Amended Petition) filed by the City of Philadelphia (City). The trial court's order granted the City's request to commence a public auction and sale of Appellant's property located at 4832 Woodland Avenue in Philadelphia, Pennsylvania (Property) to satisfy outstanding liens and judgments. For the reasons that follow, we affirm.[1]

---

[1] On August 26, 2025, the City filed an "Application to Stay Proceedings Due to Bankruptcy" (Application to Stay), asserting that Appellant had filed for bankruptcy and that this matter was subject to an automatic stay. By order dated September 2, 2025, this Court granted the Application for Stay. Thereafter, on November 18, 2025, the City filed an "Application to Lift Stay Due to Dismissal of Bankruptcy Proceedings" (Application to Lift Stay). The Application to Lift Stay indicated that Appellant's bankruptcy proceedings had been dismissed with prejudice **(Footnote continued on next page…)**

# BACKGROUND

While the facts of this action are not in dispute, it nevertheless presents a confusing chronology of actions brought by the City in an attempt to collect delinquent real estate taxes and municipal claims levied against the Property. This matter began in February of 2018, when the City filed a civil complaint pursuant to the Municipal Claims and Tax Liens Act[2] (MCTLA) (*In Rem* Action). The action sought to enforce an *in rem* claim against the Property as part of an ongoing effort to recover unpaid real estate taxes in the amount of $47,902.51. *See* "Exhibit A" to the Amended Petition, Original Record (O.R.) at 0002.

In June of 2021, the City filed a complaint in the trial court seeking an *in personam* judgment against Appellant (*In Personam* Action). In that matter, the City sought reimbursement for unpaid taxes. *See* "Exhibit B" to Amended Petition, O.R. at 0002. Unlike the 2018 *In Rem* Action which targeted the Property directly, the 2021 *In Personam* Action addressed Appellant's personal liability for various municipal claims against a number of properties owned by Appellant. In July of 2022, the City filed a motion for partial summary judgment which the trial court denied.

As the 2021 *In Personam* Action progressed, the 2018 *In Rem* Action sat dormant. The dormancy eventually triggered the operation of Pennsylvania Rule of Civil Procedure 230.2, Pa.R.Civ.P. 230.2, which directs court administration to initiate a termination order. Ultimately, the 2018 *In Rem* Action was dismissed in 2023 without any findings on the merits.

---

and requested that the stay be lifted. By order entered November 20, 2025, this Court granted the Application to Lift Stay.

[2] Act of May 16, 1923, P.L. 207, *as amended*, 53 P.S. §§7101-7455.

Following the dismissal of the 2018 *In Rem* Action, the 2021 *In Personam* Action was stayed pending the outcome of an appeal in the related matter of *Gardiner v. City of Philadelphia* (Pa. Cmwlth., No. 382 C.D. 2022, filed December 4, 2023), *petition for allowance of appeal denied*, 321 A.3d 860 (Pa. 2024).[3] After a final order was issued in *Gardiner*, the stay was lifted.

On August 7, 2023, the City filed the Amended Petition. Like the 2018 *In Rem* Action, the Amended Petition seeks *in rem* relief. Specifically, the City is once again attempting to satisfy at least some of Appellant's outstanding tax obligations, judgments and liens through a sheriff's sale of the Property pursuant to the requirements of the MCTLA. Also on August 7, 2023, the trial court issued a "Rule Returnable Civil Tax Petition" directing Appellant to file a response to the Amended Petition and scheduling a hearing for November 7, 2023. Trial Court Order, 7/7/2023, O.R. at 0002.[4]

On August 29, 2023, counsel for the City filed an Affidavit of Service of the Amended Petition. O.R. at 0003. Thereafter, on September 26, 2023, the City filed an Affidavit of Posting, indicating that the "Petition Rule Returnable" was posted on the door of the Property. O.R. at 0007.

Appellant responded to the Amended Petition on September 27, 2023, raising new matter. O.R. at 0008. The City responded to Appellant's new matter on December 4, 2023. O.R. at 0011. Hearings were then held on December 12, 2023, and January 9, 2024. Hearing Transcripts, 12/12/2023 and 1/9/2024, Reproduced Record (R.R.) at 32a and 43a. By order dated January 12, 2024, the trial court

---

[3] In *Gardiner*, this Court affirmed the trial court's holding that Appellant materially breached a settlement agreement it executed with the City to secure substantially reduced tax and municipal liabilities.

[4] The hearing was eventually scheduled for December 12, 2023. *See* O.R. at 0005; 0010.

granted the Amended Petition, awarding the City the ability to publicly auction and sell the Property free and clear of all claims, liens, mortgages, judgments, ground rents, charges, and estates, to the highest bidder at a Sheriff's sale to be held at a later date. O.R. at 0013.

Appellant filed a notice of appeal and, per order of the trial court, filed a Statement of Errors Complained of on Appeal pursuant to Pa.R.A.P. 1925(b). Statement of Errors Complained of on Appeal, O.R. 0016. Therein, Appellant asserted for the first time that the doctrine of *lis pendens* barred the City from bringing the Amended Petition because the 2021 *In Personam* Action was still pending. The trial court rejected this argument, concluding that the 2021 *In Personam* Action and the Amended Petition, an *in rem* action, were not identical. The trial court held that "[s]ince [] the two matters concretely diverge in all relevant respects, the *lis pendens* doctrine does not operate as a defensive bar in the current case." Trial Court Opinion at 9, O.R. at 0017.

## APPEALABILITY OF THE TRIAL COURT'S JANUARY 12, 2024 ORDER

By order dated October 18, 2024, this Court directed the parties to address whether the trial court's January 12, 2024 order was interlocutory and therefore not appealable. We address this issue first because it relates to this Court's jurisdiction to address Appellant's issues on appeal.

Pennsylvania Rule of Appellate Procedure 341(a) provides, in relevant part, that "an appeal may be taken as of right from any final order of a . . . trial court." Pa.R.A.P. 341(a). A final order is any order that "(1) disposes of all claims and of all parties; [or] . . . (3) is entered as a final order pursuant to subdivision (c) of this rule [(relating to determinations of finality)] . . . ." Pa.R.A.P. 341(b). Rule 341(b)

4

"limits [an] appeal to those orders that essentially dispose of the entire case, unless the trial court specifically orders otherwise." *Central Dauphin School District v. Central Dauphin Education Association*, 739 A.2d 1164, 1167 n.4 (Pa. Cmwlth. 1999). "Otherwise, the order is interlocutory and generally not immediately appealable." *Sunoco Partners Marketing and Terminals, L.P. v. Clean Air Council*, 219 A.3d 280, 286 (Pa. Cmwlth. 2019) (citations omitted).

For its part, Appellant asserts that the trial court's January 12, 2024 order is a final order pursuant to Pa.R.A.P. 341(b)(1) because "it is the last step necessary for execution and disposes of all claims and all parties." Appellant's Brief at 8-9. The City concurs, pointing out that "[t]he only 'claim' before the trial court was the City's petition for an order allowing a judicial sale of the Property. The trial court's order completely resolved that claim." City's Brief at 12. The City maintains that the January 12, 2024 order granting the request for tax sale "is a discrete step in the overall MCTLA tax sale process . . . ." *Id.*

We agree. This instant action commenced with the filing of the Amended Petition. The Amended Petition asked the trial court to issue a rule to show cause why the Property should not be sold free and clear of all liens and encumbrances because of Appellant's tax delinquencies. The action proceeded through the normal channels with the filing of an answer and new matter, as well as a response to new matter. Following a hearing, the trial court issued an order directing that the Property "shall be sold by the Sheriff, free and clear of all claims, liens, mortgages, judgments, ground rents, charges, and estates, to the highest bidder at a Sheriff's Sale, to occur subsequent to the date written above." Trial Court Order, 1/12/2024, O.R. at 0013. Upon the issuance of the order, there was nothing left for the trial court to decide as the only pending request for relief was resolved. In other

words, the January 12, 2024 order "dispos[ed] of all claims and all parties" and was therefore a final order.

> To hold otherwise would make no sense. As the City aptly observed:
>
> > [T]he tax sale order has the practical effect of finality in that it has lasting effects on the parties' settled interests. The order triggers the sheriff's sale process, which involves a series of mandatory procedural steps-including notice to the property owner, publication of the sale, notification of other creditors and management of the auction itself. Forcing the parties to wait until the end of this laborious process before appealing would waste substantial time and resources for the parties, the courts, the Sheriff, and any third parties involved, should the order be reversed. It would also waste the buyer's time and upset their expectation of taking ownership of the Property.

City's Brief at 13. Taking the hypothetical situation a step further, if the Property failed to sell at the sheriff's sale, an appellant would arguably never have its day in court. Undoubtedly, this is not a fair or desirable outcome. Because we conclude that the January 12, 2024 order was indeed final and appealable, we will now address the merits of Appellant's appeal.

## DISCUSSION

Before this Court,[5] Appellant argues that the trial court erred in concluding that the Amended Petition was not barred by the doctrine of *lis pendens*. In the alternative, Appellant contends that the trial court should have stayed the proceedings on the Amended Petition pending disposition of the 2021 *In Personam*

---

[5] Our review in tax sale cases is limited to determining whether the trial court abused its discretion, erred as a matter of law, or rendered a decision not supported by substantial evidence. *In Re: Balaji Investments, LLC*, 148 A.3d 507, 509 n.2 (Pa. Cmwlth. 2016).

6

Action. In response, the City maintains these issues have been waived. We agree with the City.

Pennsylvania Rule of Civil Procedure 1032(a) dictates that a party waives all defenses and objections "which are not presented either by preliminary objection, answer or reply," except certain defenses inapplicable to this matter. Pa.R.Civ.P. 1032(a). Based on our review of the record, it is apparent that Appellant did not raise the *lis pendens* doctrine in its Answer to the Amended Petition. *See* Appellant's Response to Amended Petition, O.R. at 0008. Thus, Appellant cannot raise the defense in the instant appeal. *County of Dauphin v. City of Harrisburg*, 24 A.3d 1083, 1094 (Pa. Cmwlth. 2011).

The City also correctly observes that Appellant raised the doctrine of *lis pendens* for the first time in its Statement of Errors Complained of on Appeal. *See* Statement of Errors Complained of on Appeal, O.R. 0016. Because issues raised for the first time in a Statement of Errors Complained of on Appeal are waived, *see Commonwealth v. Mason*, 130 A.3d 601, 639 n.47 (Pa. 2015) (a claim raised in a Rule 1925(b) statement cannot undo trial-level waiver), we need not address this issue.[6]

We similarly reject Appellant's alternative argument that the proceedings on the Amended Petition should have been stayed pending disposition of the 2021 *In Personam* Action. The record does not indicate that Appellant at any point sought to stay the instant proceedings in the trial court. Furthermore, this issue

---

[6] In any event, Appellant's argument on appeal lacks merit. *See Gywnedd Club Condominium Association v. Dahlquis* (Pa. Cmwlth., Nos. 1628, 1816 C.D. 2017, filed April 15, 2019), slip op. at 13 (holding that *lis pendens* criteria were not met because although the two actions involved the same parties, "the relief requested in each action was not the same[, as] the relief sought in the [*i*]*n* [*p*]*ersonam* [a]ction was a monetary judgment against [the defendant], whereas the relief sought in the [*i*]*n* [*r*]*em* [a]ction was enforcement of the [homeowners' a]ssociation's lien on her property").

was not raised in Appellant's Statement of Errors Complained of on Appeal and is therefore waived. *See* Pa.R.A.P. 1925(b)(4) (issues not included in the statement of errors complained of on appeal are waived).

Accordingly, because Appellant has waived its issues on appeal, the January 12, 2024 order of the trial court is affirmed.

_____
MICHAEL H. WOJCIK, Judge

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | | |
|---|---|---|
| City of Philadelphia | : | |
| | : | |
| v. | : | No. 122 C.D. 2024 |
| | : | |
| Biz As Usual, LLC c/o Antoine Gardiner, | : | |
| | : | |
| | : | |
| Appellant | : | |

# **O R D E R**

AND NOW, this 17th day of April, 2026, the January 12, 2024 order of the Philadelphia County Court of Common Pleas is AFFIRMED.

_____
MICHAEL H. WOJCIK, Judge